143347.1

Milton Springut
[admitted in New Jersey]
Tal S. Benschar
[admitted in New Jersey]
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

RECEIVED-CLERK
S. DISTRICT COURT

07 MAR 19 A 10: 58

RECEIVED

MAR 19 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A., :
VAN CLEEF & ARPELS, INC. and :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :

        Plaintiffs, :

v. :

GOLDSTEIN JEWELERS and :
JOHN DOES 1-10; :

        Defendant. :

-------------------------------------------------------------x

Civil Action No. 07 - 1290 (JLL)

COMPLAINT

        Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as
follows:

        1.      Plaintiff Van Cleef & Arpels Logistics, S.A. is a corporation organized and
existing under the laws of Switzerland, having an office and place of business at 8 Route de
Chandolan, 1752 Villars-sur-Glane, Switzerland.

        2.      Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under
the laws of the State of New York, having an office and place of business at 12 West 57th Street,
New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels

brand products, and is the exclusive licensee for the sale of such products at retail in the United States.

3.     Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 12 West 57th Street, New York, New York 10019.  Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States.  For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

4.     Upon information and belief, defendant Goldstein Jewelers is an entity of unknown character having an office and place of business at 36 North Dean Street, Englewood, New Jersey ("Goldstein").  Upon further information and belief, defendant Goldstein Jewelers is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.     Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of the defendant named above and are conscious dominant and active forces behind the wrongful acts of the defendant named above and complained of herein, which wrongful acts they have engaged in for the benefit of the named defendant above and for their own individual gain and benefit.  Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

6.    Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7.    Defendants Goldstein Jewelers and John Does 1-10 are collectively referenced herein as "Defendants."

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act pursuant to 28 U.S.C. §§ 1331 and 1338.

9.    This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

10.    This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

### The Van Cleef & Arpels Brand and Business

12    The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the

3

production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

### The Alhambra Jewelry Design

13.     VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



14.     The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

15.     VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

4

16.     On December 13, 2006 VCA recorded a document entitled Statement Regarding

Copyright Registration.  Previous thereto VCA had filed a request for supplemental registration

in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of

first publication and the location of first publication -- but was advised that because of the date of

the request, a supplemental registration could not issue and instead it was proper to record the

information with the Copyright Office.  A copy of the December 13, 2006 request is attached

hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

17.     VCA's Alhambra Jewelry features a distinctive and unique combination of

elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress").  The

ALHAMBRA Trade Dress consists of a collocation of design elements.  The combination of all

or almost all such elements together give the jewelry a distinct overall look and commercial

impression.  Although these elements cannot be perfectly described in words, the following

describes the elements of the ALHAMBRA Trade Dress:

(a)  Clover-shaped jewelry;

(b)  Having a flat shape;

(c)  Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d)  A beaded metal frame around the clover shape; and

(e)  Having slightly larger beads at the four indented corners of the clover shape.

18.     The collocation of features set forth in the above paragraph herein constitute a

distinctive trade dress that has secondary meaning.  This design has been extensively promoted

by VCA in the United States and has achieved significant sales success.  The pubic has come to

recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

19.     The ALHAMBRA Trade Dress is in no way functional.

**Defendants' Infringing Activities**

20.     On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

21.     No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

**COUNT I**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)**

22.     VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

23.     Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

24.     Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

25. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

26. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

27. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

**COUNT II**
**COMMON LAW TRADE DRESS**
**INFRINGEMENT AND UNFAIR COMPETITION**

28. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants.

29. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

30. Defendants' actions constitute common law trade dress infringement and unfair competition.

31. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them.

32.   Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

33.   Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

**COUNT III**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501**

34.   VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

35.   Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY DESIGN, by reproducing such design without authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

36.   VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).


**WHEREFORE**, Plaintiffs demand:

1.   That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and

restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified herein.

    2.     That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyright identified herein.

    3.     That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

    4.     That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

    5.     That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

        (a)     From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

        (b)     From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

9

       (c)    From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

       (d)    From otherwise competing unfairly with Plaintiffs in any manner.

6.    That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

7.    That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8.    That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9.    That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10.    That Plaintiffs be awarded punitive damages.

11. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: March 15, 2007        By: _____

                                 Milton Springut, Esq.
                                 Tal S. Benschar, Esq.
                                 KALOW & SPRINGUT LLP
                                 488 Madison Avenue
                                 New York, New York 10022
                                 (212) 813-1600

                                 Attorneys for Plaintiffs
                                 Van Cleef & Arpels Logistics, S.A.; Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc.

143378.1

Milton Springut
[admitted in New Jersey]
Tal S. Benschar
[admitted in New Jersey]
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 MAR 19 A 10: 58

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A., :
VAN CLEEF & ARPELS, INC. and :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :
 :
             Plaintiffs, :
 :
v. :
 :
 :
GOLDSTEIN JEWELERS and :
JOHN DOES 1-10; :
 :
             Defendant. :

-----------------------------------------------------------x

Civil Action No. 07-1290(GLL)

**DISCLOSURE PURSUANT TO
RULE 7.1 AND LOCAL CIVIL
RULE 1.9**

       Pursuant to Federal Rules of Civil Procedure Rule 7.1 [formerly Local General Rule 1.9]
and to enable District Judges and Magistrate Judges of the Court to evaluate possible
disqualification or recusal, the undersigned counsel for Plaintiffs (private non-governmental
parties) certifies that the following are corporate parents, affiliates and/or subsidiaries of said
party, which are publicly held:

                 Compagnie Financiere Richemont, S.A.

                 Richemont S.A., Luxembourg

                 Respectfully submitted,

                 KALOW & SPRINGUT LLP

Dated: March 15, 2007         By: _____
                            Milton Springut (MS6371)
                            Tal S. Benschar (TSB0838)

# KALOW & SPRINGUT LLP

### ATTORNEYS AT LAW

RECEIVED-CLERK
S. DISTRICT COURT

488 MADISON AVENUE · NEW YORK, NY 10022
212 813-1600 · FAX 212 813-9600 · INFO@CREATIVITY-LAW.COM 19 A 10: 58

Tal S. Benschar
tbenschar@creativity-law.com

**VIA FEDERAL EXPRESS**
March 16, 2007

United States District Court
Clerk of the Court
Martin Luther King, Jr. Federal
 Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

*07-1290*
*( JLL )*

  Re:   *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers, et al.*

Dear Sir or Madam:

Please accept the enclosed papers to be filed in a new action. We enclose a check in the amount of $350.00 for the filing fee, and an original and five (5) copies each of the following documents:

  1.  Complaint

  2.  Civil Cover Sheet

  3.  Rule 7.1 Statement

Also enclosed for execution are two (2) Summonses for each defendant.

We request that you return one copy each, stamped "filed," of the Complaint, Civil Cover Sheet and Rule 7.1 Statement, and the two executed Summonses in the envelope provided.

Respectfully submitted,

KALOW & SPRINGUT, LLP

Tal S. Benschar
Counsel for Plaintiffs

Encl.

143425.1

CV. 07-1290 (SDW)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

RECEIVED-CLERK

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTION, INC.,

**DEFENDANTS**

GOLDSTEIN JEWELERS and JOHN DOES 1-10;

2007 MAR 19 A 10: 58

**(b)** County of Residence of First Listed Plaintiff  Out of State
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Bergen
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

KALOW & SPRINGUT LLP, 488 Madison Avenue, New York, New York 10022, (212) 813-1600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | & Disclosure Act | | ☐ 892 Economic Stabilization Act |

| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | or Defendant) | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| | Other | | 26 USC 7609 | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 501; 15 U.S.C. Section 1125

Brief description of cause:
Trademark infringement and copyright infringement under U.S. and N.J. law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
03/15/2007

SIGNATURE OF ATTORNEY OF RECORD
Milton Springut

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ DISTRICT OF _____ **NEW JERSEY**

VAN CLEEF & ARPELS LOGISTICS, S.A.,VAN
CLEEF & ARPELS, Inc.,VAN CEEF & ARPELS
DISTRIBUTION, INC.,
                Plaintiffs,

        **V.**

GOLDSTEIN JEWELERS and
JOHN DOES 1-10;

        Defendant.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: $07-1290$ (JLL)

TO: (Name and address of defendant)

Goldstein Jewelers
36 North Dean Street
Englewood, New Jersey

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kalow & Springut LLP
488 Madison Avenue
New York, NY 10022

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

WILLIAM T. WALSH

_____
CLERK

DIANNE C. RICHARDS

_____
(BY) DEPUTY CLERK

DATE     3-19-07

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

DISTRICT OF _____ NEW JERSEY _____

VAN CLEEF & ARPELS LOGISTICS, S.A.,VAN
CLEEF & ARPELS, Inc.,VAN CEEF & ARPELS
DISTRIBUTION, INC.,
        Plaintiffs,

        **V.**

GOLDSTEIN JEWELERS and
JOHN DOES 1-10;

        Defendant.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:    $07\text{-}1290(JLL)$

TO: (Name and address of defendant)

All Defendants on Attached Rider

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

        Kalow & Springut LLP
        488 Madison Avenue
        New York, NY 10022

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

WILLIAM T. WALSH

DATE    3-19-07

_____
CLERK

DIANNE C. RICHARDS

_____
(BY) DEPUTY CLERK

143422.1

**Rider to Summons**

1.    John Doe # 1

2.    John Doe # 2

3.    John Doe # 3

4.    John Doe # 4

5.    John Doe # 5

6.    John Doe # 6

7.    John Doe # 7

8.    John Doe # 8

9.    John Doe # 9

10.   John Doe # 10

VERDE, STEINBERG & PONTELL, LLC
Steven Pontell (SP-3845)
One Parker Plaza
Fort Lee, New Jersey 07024
201-944-4200
201-944-4562 (fax)

FELDMAN LAW GROUP, P.C.
Paul J. Burgo (PB-2706)
Kenneth S. Feldman (KF-6330)
12 East 41st St.
New York, NY 10017
212-532-8585
212-532-8598 (fax)
*Attorneys for Defendant,*
*Goldstein Jewelers*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------x

| | |
|---|---|
| **VAN CLEEF & ARPELS LOGISTICS, S.A.,** : | |
| **VAN CLEEF & ARPELS, INC. and** : | |
| **VAN CLEEF & ARPELS DISTRIBUTION, INC.,** : | |
| : | **07-CV-1290 (JLL)** |
| **Plaintiffs,** : | **RETURN DATE OF** |
| : | **MOTION: JUNE 25, 2007** |
| **v.** : | |
| : | |
| **GOLDSTEIN JEWELERS and** : | |
| **JOHN DOES 1-10;** : | |
| : | |
| **Defendant.** : | |
| : | |

-------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**BASED UPON *FORUM NON CONVENIENS* OR TO TRANSFER OR STAY THE CASE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT:      THE COURT SHOULD TRANSFER OR STAY THIS CASE ................ 2

PART I:     PRIVATE AND PUBLIC FACTORS SUPPORT TRANSFER OR
DISMISSAL OF THIS CASE WHICH COULD HAVE BEEN BROUGHT IN THE
SOUTHERN DISTRICT OF NEW YORK ............................................................................. 2

     1. The Case Could Have Been Brought in the Southern District of New York .............. 3
     2. Public Interest Factors Dictate Transfer or Dismissal .................................................. 3
     3. Private Interest Factors Dictate Transfer or Dismissal ................................................ 4

PART II:     THE COURT SHOULD STAY THE CASE PENDING THE OUTCOME
OF THE SOUTHERN DISTRICT OF NEW YORK CASES ................................................ 5

CONCLUSION ............................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*America Seafood, Inc. v. Magnolia Processing., Inc.*, 1992 WL 102762 (E.D.Pa. May 7, 1992)..6

*American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294 (D.N.J. 1990).........4

*Aventis Pharma S.A. v. Sandoz Inc.*, 2007 WL 1101228 (D.N.J. Apr. 10, 2007) ........................4

*CIBC World Markets, Inc. v. Deutsch Bank Securities, Inc.*, 309 F. Supp. 2d 637 (D.N.J. 2004) .3

*E.I. Du Pont de Nemours Co. v. Diamond Shamrock Corp.*, 522 F.Supp. 588 (D.Del. 1981)) ......5

*Gold v. Johns Manville Sales Corp.*, 723 F.2d 1068 (3d Cir. 1983) ................................................5

*Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995).................................................3

*Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ................................................................5

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) .....................3

*Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481 (D.N.J. 1998)..........................................3

*Van Cleef & Arpels Logistics S.A, et al. v. Landau.*, 07-cv-564 (SES) (S.D.N.Y.) ........................1

**Statutes**

28 U.S.C. § 1404(a)........................................................................................................................3


**Other Authorities**

*Late Medieval Sculpture in the Metropolitan: 1400 to 1530*, in LXIV THE METROPOLITAN
  MUSEUM OF ART BULLETIN 4 (Spring 2007)...........................................................................2

*Luck Was a Lady Last Night: The Heidi Klum Jewelry Collection a Run-way Hit on QVC*,
  BACKCHANNELMEDIA, Sep. 18, 2006, *available at*
  http://www.backchannelmedia.com/newsletter/articles/4442/ Luck-Was-a-Lady-Last-Night-
  The-Heidi-Klum-Jewelry-Collection-a-Run-way-Hit-on-QVC. ................................................2

W.F. Borland, *The Croyland Quatrefoil and Polychronicon*, 22 J. OF WARBURG AND COURTAULD
  INST. 295 (1958) .......................................................................................................................2

## PRELIMINARY STATEMENT

The Court should dismiss this case based upon grounds of *forum non conveniens* or transfer this case to the Southern District of New York. The Court there has already consolidated at least three other cases Plaintiffs have brought there against other sellers of the same allegedly infringing jewelry designs, and Defendant would seek to add the present case. All four cases involve the same Plaintiffs, the same asserted intellectual property, and the same Complaint. Centralizing the actions in the same District, Plaintiffs' home forum, would substantially reduce costs for all parties through consolidation of discovery burdens, decrease the burden on the Courts from litigating the same issues in multiple cases, and eliminate the risk of inconsistent rulings.

Alternatively, the Court should stay the outcome of this case until the resolution of the case in the Southern District of New York to save judicial resources avoid potentially inconsistent rulings.

## BACKGROUND

On January 24, 2007, Plaintiffs filed a Complaint in the Southern District of New York against Landau Jewelry, alleging trade dress and copyright infringement before Judge Scheindlin. *See Van Cleef & Arpels Logistics S.A, et al. v. Landau.*, 07-cv-564 (SES) (S.D.N.Y.) Soon after, Plaintiffs filed two more actions in the same District, both alleging identical facts against different defendants before two different Judges. The defendants moved to consolidate the actions before Judge Scheindlin, which was granted. Should this Motion be granted, Defendant would similarly seek to consolidate this action.

The Plaintiffs in all four actions, consist of Van Cleef & Arpels, Inc., Plaintiff's exclusive licensee for retail sale of products in the United States, a New York corporation with its office

and place of business in the Southern District of New York; Van Cleef & Arpels Distribution, Inc., a Delaware Corporation with its office and principal place of business also in the Southern District of New York; and Van Cleef and Arpels Logistics, SA, a Swiss company with no known ties to New Jersey.

Other than information identifying the various defendants, all four Complaints are identical. They all allege infringement of a piece of jewelry shaped like a basic geometric four leaf clover shape, otherwise known as a "quatrefoil." It has been used for thousands of years in architecture, art, and jewelry. It is also a symbol of the United States government, is prominently displayed on nearly thousand year-old churches,[1] and is in ancient art.[2] Most recently, Heidi Klum recently released a record-selling line of jewelry on QVC composed almost exclusively of this clover shape.[3] All four defendants, who have the same counsel, plan on contesting the originality of the alleged copyright, and the strength and ownership of the trade dress. The sole divergent issues would be Plaintiffs' damages, if any.

> ### ARGUMENT:      THE COURT SHOULD TRANSFER OR STAY THIS CASE

**PART I:      PRIVATE AND PUBLIC FACTORS SUPPORT TRANSFER OR DISMISSAL OF THIS CASE WHICH COULD HAVE BEEN BROUGHT IN THE SOUTHERN DISTRICT OF NEW YORK**

---

[1] See, e.g., W.F. Borland, *The Croyland Quatrefoil and Polychronicon*, 22 J. OF WARBURG AND COURTAULD INST. 295, 295 (1958) ("the prominence of the quatrefoil . . . suggest[s] that the incident was considered an important one in the tale as it was told in Croyland in the twelfth century").

[2] See, e.g., *Entombment of Christ*, German, German, 1420-40, featured in *Late Medieval Sculpture in the Metropolitan: 1400 to 1530*, in LXIV THE METROPOLITAN MUSEUM OF ART BULLETIN 4 (Spring 2007) at 15.

[3] See *Luck Was a Lady Last Night: The Heidi Klum Jewelry Collection a Run-way Hit on QVC*, BACKCHANNELMEDIA, Sep. 18, 2006, *available at* http://www.backchannelmedia.com/newsletter/articles/4442/Luck-Was-a-Lady-Last-Night-The-Heidi-Klum-Jewelry-Collection-a-Run-way-Hit-on-QVC. ("Heidi Klum's jewelry line stuck a lucky chord on its September 14 QVC launch, with 14 of 16 styles in the debut collection completely selling out, ending the anticipated hour-long broadcast after only 36 minutes. . . . Klum's inspiration for the collection comes from the patterned floor of the Duomo in Milan, *and the four-leaf clover symbol appears in necklaces, bracelets, earrings and rings in a variety of different ways* . . . .") (emphasis supplied).

Under 28 U.S.C. § 1404(a), a Court may transfer a case to any other district or division where it may have been brought. When considering whether to transfer venue under 28 U.S.C. § 1404(a), the court analyzes two concerns: the public interest in the fair and efficient administration of justice and the private convenience of the litigants. *See Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 877 (3d Cir. 1995). The analysis is flexible and must be made on the unique facts of each case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50, 102 S.Ct. 252, 262-63, 70 L.Ed.2d 419 (1981). A Motion to Dismiss for *forum non conveniens* examines similar considerations. *See Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 307, n. 1 (D.N.J. 1989).

### 1. The Case Could Have Been Brought in the Southern District of New York

In deciding a request to transfer venue under § 1404(a), the initial question is whether the Plaintiffs could have brought the matter in the transferee Court, the Southern District of New York. *See CIBC World Markets, Inc. v. Deutsch Bank Securities, Inc.*, 309 F. Supp. 2d 637, 644 (D.N.J. 2004). An action may have been brought where the exercise of both venue and personal jurisdiction is appropriate. *Id.* "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction," unless "the remedy offered by the other forum is clearly unsatisfactory." *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 499 (D.N.J. 1998) (quoting *Piper,* 454 U.S. at 254 n. 22, 102 S.Ct. 252.). There is no unsatisfactory remedy in the Southern District, evidenced by Plaintiffs' other suits there.

### 2. Public Interest Factors Dictate Transfer or Dismissal

The public interest factors of judicial efficiency and interests of justice favor transfer to the S.D.N.Y. Among the numerous factors to be considered in the Third Circuit are any "practical considerations that could make the trial easy, expeditious, or inexpensive, [and] the

relative administrative difficulty in the two fora resulting from court congestion." *Jumara,* 55 F.3d at 879 (citations omitted). In this case, litigating the same legal and factual issues in different districts risks inconsistent verdicts, and is unnecessarily expensive.

In this case, the Plaintiffs, nearly all of the Complaints, the intellectual property at issue, and the defenses are identical to those of an earlier filed consolidated action in the Southern District of New York. By litigating these actions in the same Court, all the parties will save on discovery costs and it will save the resources of the "two fora." This mandates transfer of the action. *See Aventis Pharma S.A. v. Sandoz Inc.*, 2007 WL 1101228, at *3 (D.N.J. Apr. 10, 2007)) ("'[T]he interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts.'") ((quoting *Air Prod. & Chem., Inc. v. MG Nitrogen Servs., Inc.*, 133 F.Supp.2d 354, 357 (D.Del. 2001)).

**3. Private Interest Factors Dictate Transfer or Dismissal**

The private factors similarly favor transfer to New York where it will be substantially less expensive and timely for all involved, and Plaintiff's choice of forum is less relevant.

To require witnesses and parties to appear in a case in New Jersey when there is a case that faces all the same issues pending in the Southern District would be unnecessarily costly, resulting in duplicitous discovery, briefing, and trial. For any witnesses who do reside in New Jersey, there is little inconvenience in traveling across the bridge.

Although a plaintiff's choice of forum is ordinarily given great enhanced deference, this is not true where it is not plaintiff's home forum. *American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306 (D.N.J. 1990). Here, no Plaintiff resides in New Jersey, in fact, two of them are in the Southern District of New York. The initial deference is

also mitigated where the operative facts occur outside the forum, such as all of the facts related to Plaintiff's alleged copyrights, and trade dress. *Id.* Finally, "[t]he deference due to [Plaintiffs'] choice of forum is also limited by the fact that maintaining the New Jersey Action in New Jersey may well 'result in duplicative litigation.'" *Id.* (quoting *E.I. Du Pont de Nemours Co. v. Diamond Shamrock Corp.*, 522 F.Supp. 588, 591 (D.Del. 1981)).

Plaintiffs would be hard pressed to put forth a credible reason as to why they would be inconvenienced in any way by bringing suit in New York, not only their home state, but also a nearby District in which they brought several other suits, which now are proceeding before one Judge. For instance, Defendants' witnesses on the invalidity of the designs would have to be deposed in each case, and then at each trial.

In fact, Plaintiff would also benefit from a transfer or stay. Plaintiff has stated its only witnesses concerning the alleged authorship of the design are in France. It would be inefficient for Plaintiff to produce them twice in the United States for depositions, and then twice again in the United States for trial.

The only reason this much larger Plaintiff seems to have for bringing suit in New Jersey in addition to New York is to hedge its bets and hope to achieve a positive ruling in at least one District. Of course, this sort of forum shopping and search for inconsistent rulings cannot be reasonable grounds for a choice of forum.

## PART II:    THE COURT SHOULD STAY THE CASE PENDING THE OUTCOME OF THE SOUTHERN DISTRICT OF NEW YORK CASES

It is within the inherent power of every court to stay proceedings to manage its docket to ensure fair and efficient adjudication. *Gold v. Johns Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936)). A stay

pending resolution of the New York cases would serve the same purpose for the same reasons as

transfer. A stay may prevent duplicitous expenditure of resources, both of the parties and the

Courts, and prevent the possibility of inconsistent rulings on the question of the ownership and

validity of Plaintiff's alleged intellectual property rights.

    Where granting a stay would prejudice the non-moving party, the party seeking the stay

needs to demonstrate a clear case of hardship or inequity. *Id.* at 1076. However, because

Defendant is willing to cease all sales of the designs pending resolution of the case, there would

be no such prejudice to Plaintiff. On the other hand, there is a considerable danger of inequity

resulting from duplicitous litigation and inconsistent rulings. These concerns have been held to

outweigh prejudice and justify a stay of the case. *America Seafood, Inc. v. Magnolia Processing.,*

*Inc.*, 1992 WL 102762, at *2 (E.D.Pa. May 7, 1992).

## CONCLUSION

    The Court should transfer or dismiss the case for *forum non conveniens* or stay it until

resolution of substantially similar cases.

Dated: May 31, 2007

                                By: s/ Steven Pontell
                                Steven Pontell (SP-3845)
                                VERDE, STEINBERG & PONTELL, LLC
                                One Parker Plaza
                                Fort Lee, New Jersey 07024
                                201-944-4200
                                201-944-4562 (fax)

                                Paul J. Burgo (PB-2706)
                                Kenneth S. Feldman (KF-6330)
                                FELDMAN LAW GROUP, P.C.
                                12 East 41st St.
                                New York, NY 10017
                                212-532-8585
                                212-532-8598 (fax)

                                *Attorneys for Defendant,*
                                *Goldstein Jewelers*

VERDE, STEINBERG & PONTELL, LLC
Steven Pontell (SP-3845)
One Parker Plaza
Fort Lee, New Jersey 07024
201-944-4200
201-944-4562 (fax)

FELDMAN LAW GROUP, P.C.
Paul J. Burgo (PB-2706)
Kenneth S. Feldman (KF-6330)
12 East 41st St.
New York, NY 10017
212-532-8585
212-532-8598 (fax)
*Attorneys for Defendant,*
*Goldstein Jewelers*


### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

-------------------------------------------------------------------

| | |
|---|---|
| **VAN CLEEF & ARPELS LOGISTICS, S.A.,**<br>**VAN CLEEF & ARPELS, INC. and**<br>**VAN CLEEF & ARPELS DISTRIBUTION, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GOLDSTEIN JEWELERS and**<br>**JOHN DOES 1-10;**<br><br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

07-CV-1290 (JLL)
**RETURN DATE OF**
**MOTION: JUNE 25, 2007**

**NOTICE OF MOTION TO**
**DISMISS BASED UPON**
*FORUM NON*
*CONVENIENS* **OR TO**
**TRANSFER OR STAY**
**THE CASE**

-------------------------------------------------------------------x

To: Clerk of the Court
      All Counsel of Record


**PLEASE TAKE NOTICE,** that upon the accompanying Memorandum of Law,

Defendant will move before Judge Jose L. Linares, on June 25, 2007, at the Courthouse located at Martin Luther King, Jr. Federal Building & Courthouse, 50 Walnut Street Newark, New Jersey, at 9.30 A.M. for an Order granting its Motion to Dismiss based on the grounds of *forum non conveniens* or in the alternative for a Stay or Transfer of the Action.

**PLEASE TAKE FURTHER NOTICE** that, in support of the within Motion, defendant will rely upon the Memorandum of Law in Support of Defendant's Motion to Dismiss.

Dated: May 31, 2007

By: s/ Steven Pontell

Steven Pontell (SP-3845)
VERDE, STEINBERG & PONTELL LLC
One Parker Plaza
Fort Lee, New Jersey 07024
201-944-4200
201-944-4562 (fax)
(*LOCAL COUNSEL*)

Kenneth S. Feldman (KF-6330)
Paul J. Burgo (PB-2706)
FELDMAN LAW GROUP, P.C.
12 East 41st Street
New York New York 10017
212-532-8585
212-532-8598 (fax)
(*LEAD ATTORNEY*))

*Attorneys for Defendant Goldstein Jewelers*

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : : : | Civil Case No. 07-1290(JLL) |
| | : | |
| Plaintiff, | : | |
| | : | ORDER |
| v. | : | |
| | : | |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : : | |
| | : | |
| Defendant. | : | |

THIS MATTER having come before the Court by Verde, Steinberg & Pontell, LLC, and

Feldman Law Group, P.C., attorneys for defendant, on notice to all other counsel of record in

the above-captioned matter, for an Order dismissing the matter based upon *forum non*

*conveniens* grounds, or in the alternative for an Order transferring or staying the matter, and the Court having considered the Memorandum of Law in Support of Defendant's Notice of Motion and all papers submitted in opposition thereto;

IT IS on this _____ day of _____, 2007

ORDERED that the within matter be and hereby is dismissed based upon *forum non conveniens* grounds; or in the alternative

ORDERED that this matter be and hereby is transferred to the United States District Court for the Southern District of New York; or in the alternative

ORDERED that this matter be and hereby is stayed pending the outcome of the matters initiated by plaintiffs and pending in the United States District Court for the Southern District of New York; and

FURTHER ORDERED that a copy of this Order shall be served on all parties within seven (7) days of receipt hereof by attorneys for defendant.

_____
UNITED STATES DISTRICT JUDGE
JOSE L. LINARES

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : : : | Civil Case No. 07-1290(JLL) |
| Plaintiff, | : : : | CERTIFICATION OF SERVICE |
| v. | : : | |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : : : | |
| Defendant. | : | |

STEVEN PONTELL, of full age, upon his oath hereby certifies and says:

1.     I am an attorney licensed to practice in the State of New Jersey and a member of the firm of Verde, Steinberg & Pontell, LLC, counsel for Goldstein Jewelers, in the above-captioned matter.

2.    I hereby certify that on May 31, 2007, I caused a true and correct copy of the within Notice of Motion, Defendant's Memorandum of Law in Support of Motion to Dismiss Based upon *Forum Non Conveniens* or to Transfer or Stay the Case and Order, to be sent for filing to the Clerk of the United States District Court for the District of New Jersey via electronic filing to the CM/ECF system, which will send notification of such filing to all counsel on the attached service list.

I hereby certify that the foregoing statements made by me are true. I am also aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: May 31, 2007

/s/ Steven Pontell
Steven Pontell (SP3845)

**SERVICE LIST**

Tai S. Benschar
Kalow & Springut, LLP
488 Madison Avenue
New York, New York 10022
Attorneys for Plaintiffs

# VERDE, STEINBERG & PONTELL, LLC

## ATTORNEYS AT LAW

ONE PARKER PLAZA
FORT LEE, NEW JERSEY 07024-2937
(201) 944-4200
TELECOPIER (201) 944-4562

MERRICK D. STEINBERG*
LOUIS J. VERDE+
STEVEN PONTELL**
SIOBHAN McGOWAN‡‡

———

MARTINE PIERRE-PAUL

———

\* MEMBER OF N.J., N.Y. & CAL. BARS
\*\*MEMBER OF N.J. & N.Y. BARS
+ MEMBER OF N.J., N.Y. & D.C. BARS
‡‡MEMBER N.J. & PA. BARS

\*\*CERTIFIED BY THE SUPREME COURT OF
    NEW JERSEY AS A CIVIL TRIAL ATTORNEY

NEW YORK OFFICE
276 FIFTH AVENUE
SUITE 405
NEW YORK, NEW YORK 10001
(212) 996-0630

DIRECT E-MAIL:

May 31, 2007

***VIA ELECTRONIC MAIL***
Clerk, United States District Court
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

> **Re:** ***Van Cleef & Arpels Logistics, S.A. et als. v. Goldstein Jewelers, et als.***
> ***Civil Case No. 07-CV-1290(JLL)***

Dear Sir/Madam:

Enclosed for filing in the above matter please find a Notice of Motion, Defendant's Memorandum of Law in Support of Motion to Dismiss Based upon *Forum Non Conveniens* or to Transfer or Stay the Case and Order

Thank you.

Very truly yours,

s/ Steven Pontell

Steven Pontell

SP:sh
Encs.
Courtesy copy to Honorable Jose L. Linares via first class mail to Clerk's Office

149742.2

Milton Springut
[admitted in New Jersey]
Tal S. Benschar
[admitted in New Jersey]
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,   :
VAN CLEEF & ARPELS, INC. and   :
VAN CLEEF & ARPELS DISTRIBUTION, INC.,   :      07-CV-1290 (JLL)
  :
         Plaintiffs,   :
  :      **RETURN DATE OF MOTION:**
v.   :      **JUNE 25, 2007**
  :
GOLDSTEIN JEWELERS and   :
JOHN DOES 1-10;   :
  :
         Defendant.   :

------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS
BASED UPON *FORUM NON CONVENIENS* OR TO TRANSFER OR STAY THE CASE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     I.     *Forum Non Conveniens* Is Not Available For Domestic Transfers . . . . . . . . . . . 3

     II.    A Transfer Under Section 1404 Is Not Warranted . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    The Public Factors Do Not Weigh In Favor
               Of Transfer Or Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          B.    Private Factors Do Not Weigh In Favor Of
               Transfer Or Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     III.   There Is No Basis For A Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*America Seafood, Inc. v. Levy World Limited Partnerhip,*
1992 U.S. Dist. LEXIS 7374 (E.D. Pa. May 8, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*American Dredging Co. v. Miller,*
510 U.S. 443 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Aventis Pharma. S.A. v. Sandoz, Inc.,*
2007 U.S. Dist. LEXIS 26304 (D.N.J. April 10, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*CIBC v. Deustche Bank Securities,*
30 F. Supp. 2d 637 (D.N.J. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Chevron Investments v. Geldermann Inc.,*
1988 U.S. Dist. LEXIS 6893 (S.D.N.Y. July 6, 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*China Industries v. New Holland Tire, Inc.,*
2006 U.S. Dist. LEXIS 58959 (N.D. Ill. Aug. 7, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Crackau v. Lucent Technologies,*
2003 WL 22927231, 3 (D.N.J. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hoffman v. Blaski,*
363 U.S. 335 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jumara v. State Farm Insurance Co.,*
55 F.3d 873 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Mendoza v. U.S. Custom and Border Patrol,*
2007 U.S. LEXIS 18963 (D.N.J. March, 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Quackenbush v. Allstate Insurance Co.,*
517 U.S. 706 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Romula Barela v. Experian Information Solutions, Inc.,*
2005 U.S. Dist. LEXIS 19105 (N.D. Ill. Apr. 4, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Schering Corp. v. First Databank, Inc.,*
2007 U.S. Dist. LEXIS 21929 (D.N.J. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## FEDERAL STATUTES

28 U.S.C. § 1404 ........................................................ 3

28 U.S.C. § 1404(a) .................................................... 3

Plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. (collectively "VCA" or "Plaintiff") oppose defendant Goldstein Jewelers' ("Goldstein" or "Defendant") motion to dismiss based upon *forum non conveniens* or to transfer or to stay the case in its entirety.

## INTRODUCTION

Defendant is a jewelry company located in Englewood, New Jersey. It has been sued on federal copyright and trademark claims in its home district – the only district known to Plaintiffs in which it appears amenable to jurisdiction. One wonders, therefore, how Defendant can, with a straight face, maintain that this forum is not a convenient one. The reality is that there is only one reason the instant motions have been brought: Defendant hired New York counsel, who happens to be counsel in similar (but unrelated) actions brought in New York. The instant motion is not for the parties' convenience, it is for the lawyers' convenience. But that is not a basis for a dismissal or transfer of an action.

## BACKGROUND

VCA is the owner of all rights, including the copyright and trade dress, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN") (Complaint ¶ 13). No doubt due to its popularity, that design has been copied by numerous jewelers throughout the country.

This is the sixth action filed by VCA in the United States with respect to such design. VCA has filed two actions in Florida,[1] three actions in New York,[2] and this action in New Jersey. (Benschar 2-5)[3] The three New York actions have been consolidated and are collectively referred to as the "New York Action." (Benschar 3) Significantly, while all actions share the same allegations of ownership of a copyright and trade dress rights in the Alhambra Design, the actions are otherwise independent – the various defendants are unrelated and the jewelry items accused of copyright and trade dress infringement are different and appear to derive from different sources. (Benschar 2)

Defendant retained the same attorneys who are defending the defendants in the New York Action. On April 11, 2007, the New York Action defendants asked Judge Shira Scheindlin, the assigned district judge, to order or prevail upon VCA's counsel to consolidate this action with the New York Action. (Benschar 6 and Exh. A). Judge Scheindlin declined that invitation. (*Id.*)

---

[1] The Florida Actions are: *Van Cleef v. Modital Bijoux,* 07-cv-80078, filed January 25, 2007 (S.D. Fla.); and *Van Cleef v. Verando of Vero Beach,* 07-cv-14030, filed February 2, 2007 (S.D. Fla.). (Benschar 4).

[2] The New York actions have been consolidated, but were originally filed as: *Van Cleef v. Landau,* 07-cv-565, filed, January 24, 2007 (S.D.N.Y.); *Van Cleef v. Zircomania,* 07-cv-565, filed, January 24, 2007 (S.D.N.Y.); and *Van Cleef v. JJ Gold,* 07-cv-1445, filed February 28, 2007 (S.D.N.Y.). (Benschar 5)

[3] The Declaration of Tal S. Benschar will be referenced as "Benschar" followed by the cited paragraph number.

## ARGUMENT

### I. *Forum Non Conveniens* Is Not Available For Domestic Transfers

Defendant seeks dismissal under the doctrine of *forum non conveniens*, with its proposed alternative forum the Southern District of New York. "Th[e] transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996), *i.e.,* 28 U.S.C. § 1404, and therefore "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad." *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2 (1994). Thus, a party seeking a transfer to another United States federal court cannot invoke the doctrine of *forum non conveniens*, it must instead invoke 28 U.S.C. § 1404. *See Crackau v. Lucent Technologies,* 2003 WL 22927231, *3 (D.N.J. 2003) ("Since the enactment of §1404(a) in 1948, the doctrine of *forum non conveniens* is applicable only in cases in which the alternate forum is abroad.")

### II. A Section 1404 Transfer Is Unwarranted

Section 1404(a) of Title 28 explicitly provides that "for the convenience of the parties and witnesses" a district court may transfer any civil action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendant has failed to demonstrate either: (a) that transfer would be more convenient for the parties and witnesses in New York; or (b) that the action might have been brought in New York.

*First*, Defendant has failed to show that the Southern District of New York would be more convenient for the parties. All that Defendant has shown is that the Southern District of New York would be more convenient for its attorney. However, "Section 1404(a) only considers

the interests of justice and convenience of the witnesses and parties in determining a motion for transfer of venue, *the convenience of an attorney is not a factor.*" *China Industries v. New Holland Tire, Inc.* 2006 U.S. Dist. LEXIS 58959, *16 (N.D. Ill. Aug. 7, 2006) (emphasis added); *Romula Barela v. Experian Information Solutions, Inc.,* 2005 U.S. Dist. LEXIS 19105, *12 (N.D. Ill. Apr. 4, 2005) ("the location and conveniences of the attorneys are not material"); *Chevron Investments v. Geldermann Inc.,* 1988 U.S. Dist. LEXIS 6893, *7 (S.D.N.Y. July 6, 1988) ("This Court has held the convenience of attorneys to be of little weight").

*Second,* Defendant does not make even a *prima facie* showing that the action could have been brought in the Southern District of New York. It has long been established that the statute requires that the transferee court have jurisdiction over defendants *irrespective of their consent to jurisdiction. Hoffman v. Blaski,* 363 U.S. 335, 342-43 (1960); *Mendoza v. U.S. Custom and Border Patrol,* 2007 U.S LEXIS 18963, *7 (D.N.J. March, 19, 2007) ("a defendant's consent to personal jurisdiction in the proposed transferee court as part of his or her transfer motion is not enough to satisfy the personal jurisdiction requirement"); *CIBC v. Deustche Bank Securities,* 30 F. Supp. 2d 637, 646 (D.N.J. 2004) (under Section 1404 transfer is proper to a district in which the action could have been brought independent of the defendant's wishes). Defendant proffers no showing whatsoever that it would have been amenable to jurisdiction in New York had VCA sued it there.

**A.     The Public Factors Do Not Weigh In Favor Of Transfer Or Dismissal**

Defendant asserts that public factors weigh in favor of transfer or dismissal. Defendant misapplies these factors. When determining whether to transfer under section 1404, the public

factors to consider are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interests in deciding local controversies at home; (5) the public polices of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir. 1995). Defendants have not shown that any of these factors weigh in favor of transfer and thus, these factors should have no bearing.

*First,* any judgment would be enforceable in both New Jersey and New York.

*Second,* Defendant did not present evidence that there are practical considerations that would render a trial in New York easier, more expeditious or less expensive. Defendant's goods, to VCA's knowledge, were manufactured and sold independent of the goods that were manufactured and sold by the defendants in the New York Action. The mere fact that similar challenges to the validity of the copyright might arise in both jurisdictions is insufficient to weigh in favor of transfer, particularly when the issue of infringement is unique to each infringer.

*Third,* Defendant has made no showing of the relative difficulty in the two fora resulting from court congestion.

*Fourth,* because the infringement occurred in New Jersey, this Court has a greater local interest in deciding the issue of infringement.

*Fifth,* Defendant has not made a showing of any different or greater public policy of New York as opposed to New Jersey.

*Sixth*, Count II of the Complaint alleges violations of common law trade dress and unfair competition. (Complaint ¶¶ 28 –33) This Court will unquestionably have more familiarity with these causes of action under New Jersey law than would the Southern District of New York.

Thus, Defendant has failed to show that any of these factors weigh in favor of transfer and thus, they should have no bearing.

Defendant's citation to *Aventis Pharma S.A. v. Sandoz Inc.,* is misleading. In *Aventis,* both parties conceded that the two actions (the transferor and the transferee) were identical. 2007 U.S. Dist. LEXIS 26304 *9 (D.N.J. April 10, 2007). By contrast, this action and the New York Action have different defendants and different accused items.

## B.     Private Factors Do Not Weigh In Favor Of Transfer Or Dismissal

Defendant asserts that private factors also weigh in favor of transfer or dismissal. Defendant misapplies these factors as well. When determining whether to transfer under Section 1404, the private factors to be considered are: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but limited to the extent that that files could not be produced in the alternative forum. *Jumara,* 55 F.3d at 879-80. At most, only the second factor weighs in favor of transfer.

*First*, Plaintiff chose New Jersey as the forum. Thus, this factor weighs against transfer. *Schering Corp. v. First Databank, Inc.*, 2007 U.S. Dist. LEXIS 21929, *8 (D.N.J. 2007) ("courts have given great deference to a plaintiff's choice of forum").

*Second*, although Defendant appears now to be selecting New York as the forum, as noted above there is no indication that the action could have originally been brought there. Thus, this factor should not be considered.

*Third*, the claim arose in New Jersey, where the infringement took place. Thus, this factor weighs against transfer.

*Fourth*, as Defendant admits, the travel between New York and New Jersey is not an important factor. (Def. Mem. at 4) Thus, this factor should not be considered. *Id.* at *9 (when neither party alleges inadequate resources, this factor does not come into play).

*Fifth*, there is no indication that any witnesses would be unavailable for trial in either fora. Thus, this factor should not be considered. *Id.* at *9 (when there is no indication that any witness may be unavailable for trial, this factor does not come into play).

*Sixth*, any records could as easily be produced in New York or New Jersey. *Id.* at *8 (when there is no indication that any records may be unavailable for trial, this factor does not come into play). Moreover to the extent that records exist in either of those fora, Defendant's records are presumably with Defendant in New Jersey. Thus, to the extent that this factor is considered, it weighs against transfer.

Only one of the six private factors even arguably weighs in favor of transfer. Thus, *in toto* the private factors weigh against transfer.

### III.    There Is No Basis For A Stay

Defendant argues that the Court should stay this proceeding because: (i) a stay may prevent duplicative expenditures of resources; and (ii) because Defendant is willing to cease all sales of the designs pending resolution.  Defendant's only justification for the stay is that the same intellectual property rights are being considered in both the New York and the New Jersey actions.  Defendant has pointed to no precedent for compelling the holder of an intellectual property right to enforce the rights against infringers *seriatim*, which is exactly the new law that Defendant asks this court to create.

Defendant asserts that under *America Seafood, Inc. v. Levy World Limited Partnerhip,* 1992 U.S. Dist. LEXIS 7374 (E.D. Pa. May 8, 1992), a stay is warranted in this case.  But that case demonstrates just the opposite.  There, three motions were made: (i) for a stay of discovery; (ii) for a stay of all proceedings pending the completion of a criminal prosecution; and (iii) for a stay of all proceeding until the Judicial Panel on Multidistrict Litigation decides the pending motion to transfer all cases.  *Id.* at *2-3.   The court denied the first two motions and only granted a stay pending the decision of the Judicial Panel on Multidistrict Litigation on a discrete motion.  *Id.*  In the present case, there is no motion pending before the Judicial Panel on Multidistrict Litigation.  Moreover, Defendant has already asked Judge Scheindlin to require consolidation, and that was declined.  (Benschar 6).

A stay of this action pending resolution of the New York Actions will most certainly prejudice VCA.  Discovery is continuing in the New York Actions.  The current schedule there requires the parties to complete discovery and submit a joint pre-trial order by December 15,

2007.  No trial date has been set; given that the cases will be tried to the bench, it will likely be

at least several months thereafter before a decision is rendered.  (Benschar 7-8)


The only overlapping issues between the New York Action and this one are the

ownership and validity of the copyright and trade dress rights asserted.  (*Id.*)  If those are upheld,

that would still leave a large host of issues to be determined in this case – including

infringement, willfulness, extent of sales and damages.  There is no reason the next six to nine

months should be wasted on a stay in favor of another action.


## CONCLUSION

For the foregoing reasons, Defendant's motions should be denied in their entirety.


Dated:  June 11, 2007                     By: _____
                                             Milton Springut, Esq.
                                             Tal S. Benschar, Esq.
                                             KALOW & SPRINGUT LLP
                                             488 Madison Avenue
                                             New York, New York 10022
                                             (212) 813-1600

                                             Attorneys for Plaintiffs
                                             Van Cleef & Arpels Logistics, S.A.; Van
                                             Cleef & Arpels, Inc. and Van Cleef &
                                             Arpels Distribution, Inc.

## CERTIFICATE OF SERVICE

**TAL S. BENSCHAR** declares that:

1.     I am an attorney admitted to practice in this Court and am an associate with

**KALOW & SPRINGUT LLP** attorneys for Plaintiffs in the above-captioned proceeding, and

that on the execution date which appears below, I caused a true and correct copy of the annexed

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

**BASED UPON *FORUM NON CONVENIENS* OR TO TRANSFER OR STAY THE CASE**

**and accompanying DECLARATION OF TAL S. BENSCHAR, ESQ.**, to be sent to the Clerk

of the United States District Court for the District of New Jersey via electronic filing to the

CM/ECF system, which will send notification of such filing to all counsel of record listed below.

> Steven Pontell, Esq.
> VERDE STEINBERG & PONTELL, LLC
> One Parker Plaza
> Fort Lee, NJ 07024
> Tel: (201) 944-4200
> Fax: (201) 944-4562
> Counsel for Defendant Goldstein Jewelers

2.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the

foregoing is true and correct.

Executed on June 11, 2007
New York, New York

By: _____
Tal S. Benschar

149835.1

Milton Springut
[admitted in New Jersey]
Tal S. Benschar
[admitted in New Jersey]
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

| | | |
|---|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., | : | |
| VAN CLEEF & ARPELS, INC. and | : | |
| VAN CLEEF & ARPELS DISTRIBUTION, INC., | : | 07-CV-1290 (JLL) |
| | : | |
| Plaintiffs, | : | |
| | : | **RETURN DATE OF MOTION:** |
| | : | **JUNE 25, 2007** |
| v. | : | |
| | : | |
| GOLDSTEIN JEWELERS and | : | |
| JOHN DOES 1-10; | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

## <u>DECLARATION OF TAL S. BENSCHAR</u>

**TAL S. BENSCHAR** declares that:

1.    I am an associate employed by Kalow & Springut, LLP, counsel for Plaintiffs Van Cleef & Arpels Logistcs, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. (collectively "VCA") in the above action. I make this declaration in opposition to Defendant Goldstein Jewelers' ("Goldstein") motion to dismiss based upon *forum non conveniens* or to transfer or to stay this action.

2.    Our firm has been retained by VCA to enforce its rights in what is known as the

Alhambra Jewelry Design. As part of that effort, we have filed six actions, including this one, throughout the country. These actions do have some overlapping issues – *i.e.,* the ownership and validity of VCA's asserted copyright and trade dress rights in the Alhambra Jewelry Design. However, they are otherwise distinct – the items accused of infringement are different and, as far as we currently know, derive from different sources.

3.      Defendant is a jewelry company located in Englewood, New Jersey. The present action was filed on March 17, 2007.

4.      VCA has filed two actions in the Southern District of Florida in which VCA alleges infringement of intellectual property rights in the Alhambra Jewelry Design. The Florida Actions are: *Van Cleef v. Modital Bijoux,* 07-cv-80078, filed January 25, 2007 (S.D. Fla.); and *Van Cleef v. Verando of Vero Beach,* 07-cv-14030, filed February 2, 2007 (S.D. Fla.).

5.      VCA has filed three actions in the Southern District of New York in which it alleges infringement of intellectual property rights in its Alhambra Jewelry Design. The New York actions have been consolidated, but were originally filed as: *Van Cleef v. Landau,* 07-cv-565, filed January 24, 2007 (S.D.N.Y.); *Van Cleef v. Zircomania,* 07-cv-565, filed, January 24, 2007 (S.D.N.Y.); *Van Cleef v. JJ Gold,* 07-cv-1445, filed February 28, 2007 (S.D.N.Y.). (collectively the "New York Action").

6.      On April 11, 2007, defendants in the New York Action asked Judge Shira Scheindlin, the assigned district judge, to order Plaintiffs to consolidate the New Jersey Action with the consolidated New York Action. A true and correct copy of Defendants' April 11th letter is attached hereto as Benschar Exhibit A. At a subsequent court conference, Judge Scheindlin declined Defendants' request.

7.      Discovery is continuing in the New York Action. The current schedule there

requires the parties to complete discovery and submit a joint pre-trial order by December 15, 2007. No trial date has been set. Given that the cases will be tried to the bench, it will likely be at least several months thereafter before a decision is rendered.

8.      The only overlapping issues between the New York Action and this one are the ownership and validity of the copyright and trade dress rights asserted. If those are upheld in the New York Action, that would still leave a large host of issues to be determined in this case – including infringement, willfulness, extent of sales and damages.

9.      I declare that the foregoing is true and correct under the penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated: June 11, 2007
New York, New York

By: _____
                 Tal S. Benschar

3

Exhibit A

Law Offices of
## STEPHEN E. FELDMAN, P.C.
12 EAST 41st STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
sfeldman@feldman-law.com

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743
PATENT AND TRADEMARK LAW

April 11, 2007

**VIA FAX**

Honorable Judge Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Van Cleef & Arpels</u> *et al* v. <u>Landau Jewelry, Zirconmania Inc.,
JJ. Gold International, Case No. 07-cv- 564</u>

Dear Judge Scheindlin:

We represent Defendants Landau Jewelry, Zirconmania Inc., JJ. Gold
International, and now R&R Replica in the above case and write to inform the Court that
we are seeking to consolidate one more case with the action before Your Honor.

We have just been retained by Goldstein Jewelers, Defendants in the case of Van
Cleef & Arpel's *et al* v. Goldstein Jewelers, 07-cv-1290, which Plaintiff recently filed in
the District Court of New Jersey before Judge Jose L. Linares (hereafter "the New Jersey
Action"). This case involves the same copyright and trade dress claims for the four leaf
clover shaped jewelry. The complaint is, again, identical, except for the new defendant.
Nevertheless, Plaintiff has not consented to consolidation. We wrote asking the Plaintiff
its reasons for opposing the consolidation, but Plaintiff merely repeated that it would not
consent.

The same considerations favor consolidation of this case, as those in the prior
consolidations. Both cases will involve identical issues, discovery, and evidence. As the
first filed action, this case takes precedence over all later filed actions, including the New
Jersey Action. Consolidating the New Jersey Action with the action before Your Honor
will allow discovery in all cases to be streamlined, promote judicial efficiency, and avoid
inconsistent rulings. Since the Plaintiff has not consented, Defendant Goldstein Jewelers,

if Your Honor approves, will move before the District Court of New Jersey to transfer and consolidate the New Jersey Action with this case. Goldstein Jewelers consents to this Court's jurisdiction.

In the alternative, since Your Honor already has jurisdiction over Plaintiff, we will respectfully move this Court to stay the New Jersey Action, pending disposition of this case.

We look forward to meeting with Your Honor tomorrow.

Respectfully submitted,

Kenneth S. Feldman

cc: KSF/kn

cc:
Tal Benschar, Esq., *Attorney for Plaintiff*
Jacob Hassidim
Zirconmania, Inc.
Landau Jewelry
Goldstein Jewelers

# VERDE, STEINBERG & PONTELL, LLC

### ATTORNEYS AT LAW

MERRICK D. STEINBERG*
LOUIS J. VERDE†
STEVEN PONTELL**
SIOBHAN McGOWAN**

MARTINE PIERRE-PAUL

\* MEMBER OF N.J., N.Y. & CAL. BARS
\*\*MEMBER OF N.J. & N.Y. BARS
† MEMBER OF N.J., N.Y. & D.C. BARS
‡‡MEMBER N.J. & PA. BARS

\*\*CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A CIVIL TRIAL ATTORNEY

ONE PARKER PLAZA
FORT LEE, NEW JERSEY 07024-2937
(201) 944-4200
TELECOPIER (201) 944-4562

DIRECT E-MAIL:

NEW YORK OFFICE
276 FIFTH AVENUE
SUITE 405
NEW YORK, NEW YORK 10001
(212) 996-0630

June 14, 2007

*VIA ELECTRONIC MAIL*
Clerk, United States District Court
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   *Van Cleef & Arpels Logistics, S.A. et als. v. Goldstein Jewelers, et als.*
>        *Civil Case No. 07-CV-1290(JLL)*

Dear Sir/Madam:

Please be advised that we are counsel to defendant regarding the above-referenced matter, along with the firm of the Feldman Law Group, P.C. Due to the fact that our co-counsel is ill, and pursuant to Rule 7.1, we would respectfully request that our Notice of Motion to Dismiss, presently returnable June 25, 2007, be adjourned to July 9, 2007. If granted, reply papers on the Notice of Motion shall be filed on or before July 2, 2007.

Please advise as to how we should continue in this matter. Thank you.

Respectfully submitted,

s/ Steven Pontell

Steven Pontell

SP:sh
cc:   Tal. S Benschar via email tbenschar@creativity-law.com
       Feldman Law Group, P.C.

VERDE, STEINBERG & PONTELL, LLC
Steve Pontell (SP-3845)
One Parker Plaza
Fort Lee, New Jersey 07024
201-944-4200
201-944-4562 (fax)

FELDMAN LAW GROUP, P.C.
Paul J. Burgo (PB-2706)
Kenneth S. Feldman (KF-6330)
12 East 41st St.
New York, NY 10017
212-532-8585
212-532-8598 (fax)
*Attorneys for Defendant,*
*Goldstein Jewelers*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------x

| | |
|---|---|
| **VAN CLEEF & ARPELS LOGISTICS, S.A.,** : | |
| **VAN CLEEF & ARPELS, INC. and** : | |
| **VAN CLEEF & ARPELS DISTRIBUTION, INC.,** : | |
| : | **07-CV-1290 (JLL)** |
| **Plaintiffs,** : | **RETURN DATE OF** |
| : | **MOTION: JUNE 25, 2007** |
| **v.** : | |
| : | |
| **GOLDSTEIN JEWELERS and** : | |
| **JOHN DOES 1-10;** : | |
| : | |
| **Defendant.** : | |
| : | |

------------------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS BASED UPON *FORUM NON CONVENIENS* OR TO TRANSFER OR STAY
THE CASE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ............................................................................ 1

FACTS ................................................................................................................... 1

ARGUMENT ......................................................................................................... 2

PLAINTIFF DOES NOT DISPUTE THE TANGIBLE ....................................... 2
ADVANTAGES FOR TRANSFER OR STAY .................................................... 2

   POINT I:     PLAINTIFF MISCONSTRUES AND IGNORES THE FACTS AND
   BASES OF VENUE AND STAY ....................................................................... 2

      A. Transfer Benefits the Parties ................................................................. 2

      B. Transfer Benefits the Courts .................................................................. 3

      C. A Stay of the Case is Warranted ............................................................ 5

   POINT II:    PLAINTIFF'S RESPONSE IS OFF POINT AS THE SUIT COULD
   HAVE BEEN BROUGHT IN NEW YORK .......................................................... 6

      A. Jurisdiction is Proper under NY CPLR 301 .......................................... 7

      B. Jurisdiction is Proper under NY CPLR 302(a)(1) .................................. 7

      C. Jurisdiction is Proper under NY CPLR 302(a)(2) .................................. 8

      D. Jurisdiction is Proper under Due Process ............................................. 8

CONCLUSION ...................................................................................................... 8

<u>**TABLE OF AUTHORITIES**</u>

## Cases

*American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294 (D.N.J. 1990) ........ 3

*American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994). ...................................................................................................................................... 4

*Business Trends Analysts v. Freedonia*, 650 F.Supp. 1452, 1455 n. 8 (S.D.N.Y. 1987) .............. 7

*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361 (2d Cir. 1986) ......................................................... 7

*GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F.Supp. 763 (W.D.N.Y. 1991) ...................................................................................................................................... 7

*GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60 (D.N.J. 1992) ......................................... 5

*GTFM, Inc. v. Fubutu Home & Educational Media, Inc.*, 2003 WL 22439791 (S.D.N.Y. Oct. 27, 2003) ...................................................................................................................................... 8

*Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551 F.Supp. 1044, (D.C.Del. 1982) ................... 5, 6

*Harlem Wizards Entertainment Basketball, Inc. v. NBA Properties, Inc.*, 952 F.Supp. 1084 (D.N.J. 1997) ................................................................................................................... 4

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2005 U.S. Dist. LEXIS 753 (S.D.N.Y. Jan. 18, 2005) ............................................................................... 7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ....................................................... 8

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) ................................................ 2, 3, 4

*Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, (1936) ............................................. 5

*Milliken v. Meyer*, 311 U.S. 457 (1940) ...................................................................................... 8

*Stewart v. Adidas A.G.*, 1997 WL 218431, \*5 (S.D.N.Y. Apr. 30, 1997) .................................... 7

*Topps Co., Inc. v. Gerrit J. Verburg Co.*, 961 F.Supp. 88 (S.D.N.Y. 1997) ................................ 8

## Statutes

Lanham Act 43(a)(1) ........................................................................................................................ 4

N.J.S.A. 56:4-1 ................................................................................................................................ 4

N.Y. C.P.L.R. § 301 ........................................................................................................................ 7

N.Y. C.P.L.R. § 302(a)(1) ............................................................................................................... 7

N.Y. C.P.L.R. § 302(a)(2) ............................................................................................................... 8

## PRELIMINARY STATEMENT

The basic facts showing convenience of a transfer or stay to New York are unaddressed and hence unopposed by Plaintiff's response. Venue and Jurisdiction are appropriate in New York, Plaintiff's home forum, and Defendant's home for 50 years, where a number of other pending cases would significantly decrease costs for all the involved parties, decreasing the burden on the Courts and the risk of inconsistent judgments. Keeping the case here would only unjustly benefit Plaintiff and create more work for this Court while increasing the cost for the much smaller Defendants. It would also allow Plaintiff to hedge its bets on the validity of its dubious trade dress and copyrights by suing a number of small retailers in multiple jurisdictions.

## FACTS

As Defendant assumes Plaintiff knows, for over 50 years, Defendant had been a small New York corporation with its sole store in New York. *See* Declaration of Deborah Fleishman, attached as Exhibit A. Since it opened, Defendant has seen the jewelry at issue for sale by many stores, but sold only a small handful itself. A few of these were offered for sale, and sold, in New York, before Defendant moved to New Jersey, in 2003.

On April 11, 2007, Defendant asked the Southern District of New York to transfer this action and consolidate it with the already pending three nearly identical cases there. Judge Scheindlin stated that the Southern District did not have the power to take the case from this Court itself; however, she was wholly amenable to consolidation should this Court decide to transfer. *See* Declaration of Kenneth Feldman, attached as Exhibit B.

In the cases before Judge Scheindlin, Plaintiff has announced its intent to rely on French law to demonstrate the validity or enforceability of its dubious copyrights. All Defendants seek to challenge such validity and enforceability. The only difference between the Defendants' cases

1

appears to be the amount of sales, and the sole difference between this case and the other,

already consolidated cases in New York, seems to be the forum. Any differences in accused

items are at least as different in the other New York cases.

## ARGUMENT

### PLAINTIFF DOES NOT DISPUTE THE TANGIBLE ADVANTAGES FOR TRANSFER OR STAY

Defendant's opening brief explained precisely how judicial efficiency and other key

policy objectives are furthered by transfer or stay. Unable to dispute this, Plaintiff misconstrues

and ignores the benefits to the parties and the Court and does not respond to these vital

conditions. Moreover, the requirement of jurisdiction in New York is easily met here, where

Defendant existed for decades and sold the items at issue.

**POINT I:    PLAINTIFF MISCONSTRUES AND IGNORES THE FACTS AND BASES OF VENUE AND STAY**

Defendant has shown that New York is substantially more convenient for the parties as

well as the Court. The convenience to the attorneys does not change this. Transfer or stay would

greatly benefit the parties by practically halving litigation costs, and be judicially efficient by

preventing duplication and reducing the risk of inconsistent judgments. Under the factors listed

in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995), transfer is warranted.

#### A. Transfer Benefits the Parties

Defendant has shown that New York is substantially more convenient for the parties,

expediting the cases, reducing the costs, and even benefiting Plaintiff.

As discussed, there are numerous practical considerations that would make a trial in New

York easier, more expeditious, and less expensive than conducting the same suit twice, the

second *Jumara* factor. This includes the decreased cost to all the parties, avoiding the costs and

inconveniences of deposing the same witnesses twice in different fora, then calling the same witnesses back to two separate trials, including Plaintiff's self-declared primary witness as to the Copyright, a French citizen. Undergoing two depositions for each witness, two sets of discovery requests, two summary judgment motions, and even two trials where one would suffice seems unnecessarily and ludicrously wasteful, especially where a small Defendant with limited resources faces an enormously larger Plaintiff.

Even Plaintiff would benefit, bringing suit in its home state. As Defendant previously discussed, any preference for Plaintiff's forum is reduced where Plaintiff sues outside of its forum. *American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306 (D.N.J. 1990). Here, Defendant seeks to transfer *to* Plaintiff's home forum.

Plaintiff does not dispute any of these points.

**B. Transfer Benefits the Courts**

The resulting decreased court congestion and increased judicial efficiency is clear and unaddressed by Defendants. It cuts the burden on the multi-Court system in half by trying one case instead of two, furthers public policy, and reduces the risk of inconsistent judgments.

Transfer would reduce a significant amount of duplicitous litigation. All four complaints are virtually identical. One court, instead of two, therefore, could handle the four cases together, working on one discovery schedule, and deciding all of the legal and factual issues once, instead of twice. The only differences at issue are the number of sales between the Defendants. This reduces congestion in New Jersey, without substantially affecting New York, where the other cases are already underway and consolidated. Thus, the third *Jumara* factor favors transfer.

Plaintiff's carefully stated implication that the Court was somehow opposed to the transfer is patently incorrect. Judge Scheindlin expressed amenability to consolidation should

3

this Court transfer the case, merely stating she did not have the power to transfer the case out of New Jersey herself. Defendant only requested the transfer in New York in a conference already set for consolidation of the other cases in order to save costs that Plaintiff apparently seeks to raise.

The Southern District of New York similarly has a stated interest and public policy in litigating the issue. New York is the home of the alleged intellectual property, and the home of Plaintiff, who employs a number of residents, this gives New York a great interest in hearing the case. *Excelsior College v. Frye*, 306 F.Supp.2d 226, 230 (N.D.N.Y. 2004) ("[P]laintiff employs hundreds of New York residents, whose livelihood may be threatened by infringement, and New York has an interest in resolving matters concerning plaintiff's core business assets, trademarks, trade secrets, and copyrights.") Furthermore, contrary to Plaintiff's assertion, a portion of the sales took place in New York, where Defendant existed for 50 years and still has customers. The fourth and fifth *Jumara* factor thus also favors transfer.

Plaintiff's claim that the common law trade dress and unfair competition under New Jersey law would somehow pose a problem for the Southern District of New York is simply false. New Jersey common law is the equivalent of Federal law and the New Jersey Courts are "inclined to favor application of general principles of federal common law." *American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1435 (3d Cir. 1994). *See also Harlem Wizards Entertainment Basketball, Inc. v. NBA Properties, Inc.*, 952 F.Supp. 1084, 1091 (D.N.J. 1997) ("N.J.S.A. 56:4-1 is the statutory equivalent of Section 43(a)(1) of the Lanham Act and the analysis for trademark infringement under New Jersey common law is the same as under Section 43(a)(1).").

As discussed before, and left unaddressed by Plaintiff, the case similarly reduces the

chance of inconsistent judgments by favoring the first filed cases in the Southern District of New York.

**C.     A Stay of the Case is Warranted**

The Court has broad discretion whether to stay an action involving duplicative litigation. *See Guenveur v. State Farm Mut. Auto. Ins. Co.*, 551 F.Supp. 1044, 1046 (D.C.Del. 1982). In *Guenveur*, the Court stayed federal litigation pending resolution of state court litigation, merely based on "the power of a district court to stay or dismiss an action on the sole ground that a concurrent similar action exists in state court which may resolve the controversy between the parties to the federal action." *Id.* A stay of litigation pending examination of the validity of intellectual property is common, contrary to Plaintiff's assertions. *See, e.g.*, *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60 (D.N.J. 1992) (discussing authorities on stay of case pending patent reexamination).

The *Guenveur* court outlined a number of other considerations, including the inconvenience of the forum, the desirability of avoiding piecemeal litigation, the order in which jurisdiction was obtained, the existence of federal policy calling for a stay, and the identity of the issues. The factors outlined in *Guenveur* favor stay, and this is true regardless if both parties the same. *See Id.* at 1044 (parties need not be the same) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936)).

As discussed above, the Southern District of New York is more convenient to the parties because of the reduced cost.

The court noted that where a "stay might avoid duplicative litigation[, t]his is perhaps the most important factor." *Id.* at 1047. This is true even where res judicata and collateral estoppel do not apply and the preclusive effect of the judgment is uncertain. *Id.* The potential for

duplicative litigation, involving the same plaintiff and the same dubious intellectual property, which led Judge Scheindlin to consolidate the other three actions in the Southern District of New York, is substantial.

The third factor, the priority of jurisdiction, is similarly clear. It is undisputed that Plaintiff first brought suit in the Southern District of New York.

Fourth, the court discussed the strong federal policy of "substantial judicial economy" and "promoting comity" while "removing the possibility of inconsistent results" finding this weighing in favor of a stay. All three concerns are equally present here.

Fifth, there is an identity of a substantial number of issues, and complete identity is unnecessary. *Id.* at 1047.  Here, there is an identity of the great number of issues, including the validity and enforceability of the intellectual property, as well as infringement. The reality of Plaintiff finding willfulness in this case is virtually nonexistent where Defendant sold several items widely available on the market, and the establishment of damages is simple where there are so few sales.

Finally, Plaintiff has addressed no real harm that would come about, other than a several month delay of final judgment. Defendant, in the interest of saving costs for all parties and the Court, has agreed to cease sales pending resolution of the other suits.


**POINT II:     PLAINTIFF'S RESPONSE IS OFF POINT AS THE SUIT COULD HAVE BEEN BROUGHT IN NEW YORK**

As Defendant assumes Plaintiff knows, jurisdiction is proper in New York by virtue of Defendant's long standing residence in the state, and its sales and offers for sale of the item, and thus the suit "could have been brought" there.

6

Under New York law, prior to an evidentiary hearing, one need not allege facts that would be "sufficient to *prove* or *establish* . . . sufficient contacts . . . to assert specific jurisdiction related to the claims . . . [one] must merely point to facts that are sufficient to support a good faith allegation that the forum states may assert personal jurisdiction . . ." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2005 U.S. Dist. LEXIS 753, n. 101 (S.D.N.Y. Jan. 18, 2005).

## A. Jurisdiction is Proper under NY CPLR 301

General Jurisdiction is proper under N.Y. CPLR 301, based on Defendant's continuous and systematic contacts with the state. From her 50 years of business there, she maintains a number of regular customers.

## B. Jurisdiction is Proper under NY CPLR 302(a)(1)

Under § 302(a)(1), jurisdiction is permissible if Defendant purposefully "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action "arises from" those contacts. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). However, "[t]he claim does not need to sound in contract to 'arise out of' a transaction of business in New York." *Stewart v. Adidas A.G.*, 1997 WL 218431, at *5 (S.D.N.Y. Apr. 30, 1997). Courts frequently base intellectual property claims on this provision. *See, e.g.*, *id.*; *GB Marketing USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F.Supp. 763, 768-69 (W.D.N.Y. 1991) (copyright claim arising out of sale of goods within New York). Sale of even one product in New York conveys jurisdiction. *Business Trends Analysts v. Freedonia*, 650 F.Supp. 1452, 1455 n. 8 (S.D.N.Y. 1987).

7

### C. Jurisdiction is Proper under NY CPLR 302(a)(2)

Under N.Y. C.P.L.R. § 302(a)(2), jurisdiction is proper where the cause of action arises out of a tortuous act within the state either in person or through an agent. Even a single offer for sale to New York customers is sufficient to convey jurisdiction under this provision. *See GTFM, Inc. v. Fubutu Home & Educational Media, Inc.*, 2003 WL 22439791 (S.D.N.Y. Oct. 27, 2003); *Editorial Musical Latino Americana, S.A. v. Mar Intern Records, Inc.*, 829 F. Supp. 62, 64-65 (S.D.N.Y 1993) (citations omitted). Here there was hardly more than one offer for sale; however, Defendant, in its many years in the state, did offer the accused jewelry for sale in New York.

### D. Jurisdiction is Proper under Due Process

The exercise of jurisdiction also comports with due process. To comport with due process, the Defendant must have "minimum contacts with [New York] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). Having established that Defendant is subject to personal jurisdiction under several provisions of New York's law arm statute, it is clear that jurisdiction comports with due process. "Ordinarily . . . if jurisdiction is proper under the CPLR, due process will be satisfied because CPLR § 302 does not reach as far as the constitution permits." *Topps Co., Inc. v. Gerrit J. Verburg Co.*, 961 F.Supp. 88, 90 (S.D.N.Y. 1997).

### <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendant's Motion to Stay or Transfer the case.

8

Dated: July 2, 2007

By: /s Steve Pontell____
Steve Pontell (SP-3845)
VERDE, STEINBERG & PONTELL, LLC
One Parker Plaza
Fort Lee, New Jersey 07024
201-944-4200
201-944-4562 (fax)

Paul J. Burgo (PB-2706)
Kenneth S. Feldman (KF-6330)
FELDMAN LAW GROUP, P.C.
12 East 41st St.
New York, NY 10017
212-532-8585
212-532-8598 (fax)

*Attorneys for Defendant,*
*Goldstein Jewelers*

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,    :
VAN CLEEF & ARPELS, INC. and           :
VAN CLEEF & ARPELS DISTRIBUTION, INC.,  :

                          :    07-CV-1290 (JLL)
             Plaintiffs,     :    RETURN DATE OF
                          :    MOTION: JUNE 25, 2007

v.                            :

                          :

GOLDSTEIN JEWELERS and         :
JOHN DOES 1-10;                :

                          :
            Defendant.     :

                          :

-----------------------------------------------------------------------x

## DECLATION OF DEBORAH FLEISHMAN

Deborah Fleishman declares under penalty of perjury that the foregoing is true and correct:

1. I am President of G & W Watch and Jewelry Corp. d/b/a Goldstein Jewelers ("Goldstein") and make this declaration in support of Defendant's motion to dismiss based upon *forum non conveniences* or to transfer or to stay the case

2. Goldstein is a small jewelry company that has been in the business since 1953, when it was initially incorporated in New York. It remained in New York for 50 years, only moving to Englewood, New Jersey in 2003.

3. Goldstein is a small operation with limited resources, and it would benefit us greatly to have the case in New York. I do not have a problem traveling there for the suit. In fact, it would be much less of a strain on my company to be part of another case already in progress. This would drastically reduce attorneys' fees.

4. I first saw the jewelry that Van Cleef is suing over many years ago, in the early 1970s, and have continually seen these necklaces available in a number of stores.

5.  Over the years, Goldstein came across a few of these necklaces, as we are often in the business of buying new and used jewelry from customers.

6.  If the Court stays the case pending the outcome of the other cases, I would be willing to cease sales of the jewelry at issue until the issue was resolved.

7.  I still have a large number of New York customers with whom I consistently conduct business, selling and buying jewelry.

8.  At few of the necklaces at issue were offered for sale and sold in New York from the early 1970s until 2003.

Dated:  July 2, 2007
        Long Island, NY                    By: _____
                                               Deborah Fleishman

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,   :
VAN CLEEF & ARPELS, INC. and       :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :
                               :   07-CV-1290 (JLL)
          Plaintiffs,          :   RETURN DATE OF
                               :   MOTION: JUNE 25, 2007

v.                                :
                               :
GOLDSTEIN JEWELERS and        :
JOHN DOES 1-10;              :
                               :
          Defendant.         :
                               :

------------------------------------------------------------------x

## DECLATION OF KENNETH FELDMAN

Kenneth Feldman, under penalty of perjury, hereby declares:

1. I am the managing attorney for Feldman Law Group, P.C., attorney for Defendant, Goldstein Jewelers ("Goldstein"), in the above action. I make this declaration in support of Defendant's motion to dismiss based upon *forum non conveniences* or to transfer or to stay the case.

2. Feldman Law Group, P.C., also represents three other Defendants, Landau, Zirconmania, and JJ Gold, sued by Plaintiffs in the Southern District of New York. All three cases were consolidated before Judge Scheindlin ("New York action") *See* Complaints, attached as Exhibits 1 -- 3.

3. Discovery has only recently begun in the New York action. Neither side has exchanged any documents.

4. Plaintiff recently filed a declaration of its intent to rely on French law.

5. All cases have nearly identical complaints, and the remaining issues are identical, including the ownership, enforceability, and validity of Plaintiff's alleged copyright and trade dress rights. The overlapping issues in all of the cases were similar enough for the Judge Scheindlin to consolidate three of the four actions

6. I attended a conference before United States District Court Judge Scheindlin in the Southern District of New York with my associate, to consolidate the three New York cases.

7. Because Goldstein, a small business with limited resources, had recently retained us, we also asked the Court to consolidate that action.

8 The Court recognized that it was not within its power to transfer the case out of New Jersey, but indicated that it would be amenable to consolidation should the United States Court for the District of New Jersey transfer it

Dated: July 2, 2007
New York, NY

By: _____
Kenneth S Feldman

# EXHIBIT B-1



139112

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A.,    :
VAN CLEEF & ARPELS, INC. and           :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :

        Plaintiffs,    :

        v.    :

LANDAU JEWELRY and JOHN DOES 1-10,     :

        Defendant.    :
-------------------------------------------------------x

Civil Action

No.

**COMPLAINT**

Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as

follows:

1.      Plaintiff Van Cleef & Arpels Logistics, S.A. is a corporation organized and

existing under the laws of Switzerland, having an office and place of business at 8 Route de

Chandolan, 1752 Villars-sur-Glane, Switzerland.

2.      Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under

the laws of the State of New York, having an office and place of business at 12 West 57th Street,

New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels

brand products, and is the exclusive licensee for the sale of such products at retail in the United

States.

3.    Plaintiff Van Cleef & Arpels Distribution, Inc is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, New York 10019. Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States  For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

4.    Upon information and belief, defendant Landau Jewelry is an entity of unknown character having an office and place of business at 794 Madison Avenue, New York NY 10022. Upon further information and belief, defendant Landau is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.    Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of the defendant named above and are conscious dominant and active forces behind the wrongful acts of the defendant named above and complained of herein, which wrongful acts they have engaged in for the benefit of the named defendant above and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

6.    Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10

2

are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

       7.     Defendants Landau Jewelry and John Does 1 - 10 are collectively referenced herein as "Defendants."

### JURISDICTION AND VENUE

       8.     This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

       9.     This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

      10.    This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

      11     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

### The Van Cleef & Arpels Brand and Business

      12     The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale

in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

**The Alhambra Jewelry Design**

13. VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



14. The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

15. VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

16. On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the

4

information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

17.    VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

> (a) Clover-shaped jewelry;
>
> (b) Having a flat shape;
>
> (c) Inlaid with translucent or colored material, such as Mother-of-Pearl;
>
> (d) A beaded metal frame around the clover shape; and
>
> (e) Having slightly larger beads at the four indented corners of the clover shape.

18.    The collocation of features set forth in the above paragraph herein constitute a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

19.    The ALHAMBRA Trade Dress is in no way functional.

5

**Defendants' Infringing Activities**

20. On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

21. No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

## COUNT I
### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

22. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

23. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

24. Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

25. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

26. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

27.   Defendants' trade dress infringement, unless enjoined by this Court, will continue
to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate
remedy at law.

### COUNT II
### COMMON LAW TRADE DRESS
### INFRINGEMENT AND UNFAIR COMPETITION

28.   VCA repeats and incorporates herein by reference each of the foregoing allegations
and asserts Count II against all Defendants.

29.   Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in
designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade
dress of VCA.

30.   Defendants' actions constitute common law trade dress infringement and unfair
competition.

31.   The actions and conduct of Defendants complained of herein have damaged VCA
and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade
Dress and the goodwill associated with them.

32.   Defendants' trade dress infringement has caused VCA to sustain monetary
damage, loss and injury, in an amount thus far not determined, but believed to be in excess of
Twenty-Five Thousand Dollars ($25,000).

33.   Defendants' trade dress infringement, unless enjoined by this Court, will continue
to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate
remedy at law.

7

## COUNT III
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501

34. VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

35. Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY DESIGN, by reproducing such design without authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

36. VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiffs demand:

1. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified herein.

2. That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyright identified herein.

3. That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

4       That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

5.      That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

(a)     From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

(b)     From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

(c)     From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

(d)     From otherwise competing unfairly with Plaintiffs in any manner.

6.      That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

9

7.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8.     That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9.     That Defendants be required, pursuant to 15 U.S.C § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10.    That Plaintiffs be awarded punitive damages.

11.    That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12.    That pursuant to 15 U.S.C § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13     That Plaintiffs have such other and further relief as the Court may deem just and

proper.

Dated: January 24, 2007                  By: _____

                                     Milton Springut, Esq.
                                     Tal S. Benschar, Esq.
                                     KALOW & SPRINGUT LLP
                                     488 Madison Avenue
                                     New York, New York 10022
                                     (212) 813-1600

                                     Attorneys for Plaintiffs
                                     Van Cleef & Arpels Logistics, S.A.; Van
                                     Cleef & Arpels, Inc. and Van Cleef &
                                     Arpels Distribution, Inc.

11

Exhibit 1

Page 1

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

REGISTRATION NO.

GP 101958

DO NOT WRITE HERE
GF    GFO    GP    SU

CLASS

G

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559 together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs— see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1 Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies

Name  VCA - Alternative designation for Van Cleef & Arpels, Inc.

Address  744 Fifth Avenue, New York, N.Y. 10019

Name

Address

**2 Title:**  "Alhambra" NECKLACE # 4V258 - Gold & Semi-precious Stones
(Give the title of the work as it appears in the notice of copyright; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3 Nature of Work:**  Artistic Jewelry
(Characterize the general type of artistic work involved, as, for example, painting, drawing, sculpture, etc.)

**NOTE:** Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies.

**4 Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in ONE of the following):

☒ Monetary value (retail value per copy)  abt. $1,500  ☐ Weight (in pounds)

☒ Size (give dimensions)  33 ins. long  ☐ Fragility (give details)

**5 Author (i.e., Artist):** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under

U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name  Van Cleef & Arpels, Inc.
(Give legal name followed by pseudonym if latter appears on the copies)

Citizenship  USA
(Name of country)

Domiciled in U.S.A  Yes  X  No  Address  744 Fifth Avenue, N.Y., N.Y. 10019

**NOTE:** Leave all spaces of line 6 blank unless your work has been PUBLISHED.

**6 (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or

printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

10/31/68
(Month)  (Day)  (Year)

**(b) Place of Publication:** Give the name of the country in which this particular work was first published

USA

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by Lithographic or photoengraving process, give the name of the country of manufacture.

**NOTE:** Leave all spaces of line 7 blank unless the instructions below apply to your work.

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or

if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered?  Yes ____  No ____  Date of registration _____  Registration number _____

Was work previously published?  Yes ____  No ____  Date of publication _____  Registration number _____

Is there any substantial NEW MATTER in this version?  Yes ____  No ____  If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional artistic or graphic material.)

EXAMINER

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:

9. Name and address of person or organization to whom correspondence concerning this application, if any, should be sent:

Name ........ E. Gurin ........    Address 744 Fifth Avenue, New York, N.Y. 10

10. Send certificate to:

(Type or print name and address)

Name        Evelyne Gurin

Address     744 Fifth Avenue
            (Number and street)

            New York, N.Y.  10019
            (City)          (State)        (ZIP code)

11. Certification:    I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

(Application not acceptable unless signed)

_Evelyne Gurin_
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A  Form A—Published book manufactured in the United States of America

Class A or B  Form A-B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A-B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B  Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C  Form C—Lecture or similar production prepared for oral delivery.

Class D  Form D—Dramatic or dramatico-musical composition.

Class E  Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F  Form F—Map.

Class G  Form G—Work of art or a model or design for a work of art

Class H  Form H—Reproduction of a work of art.

Class I  Form I—Drawing or plastic work of a scientific or technical character.

Class J  Form J—Photograph.

Class K  Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M  Form L-M—Motion picture.

Class N  Form N—Sound recording.

Form R—Renewal copyright.

Form U—Notice of use of musical composition on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received | Two copies received | Photographs or reproductions received |
| JAN 07 1976 | | OCT 1 1975 |
| One copy or reproduction received | | |
| Fee received | | |
| 6.54(C)   OCT 1 1975 | | |
| Renewal | | |

U.S. GOVERNMENT PRINTING OFFICE: 1974 O - 549-584

Page 2



Exhibit 2



# *Certificate of Recordation*

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

DATE OF RECORDATION

13Dec06

| VOLUME | DOC. NO |
|--------|---------|

| 3544 | 949 |
|------|-----|
| VOLUME | DOC. NO |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

( 76 )  JANUARY 2006 — 4.000

## Document Cover Sheet
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume  __3545__   Document  __949__

Volume  _____

Date of recordation  as   __DEC 13 2006__

Funds received  _____

**RECEIVED**

**DEC 13 2006**

**DOCUMENT SECTION**

DO NOT WRITE ABOVE THIS LINE — SEE INSTRUCTIONS ON REVERSE

_To the Register of Copyrights: Please record the accompanying original document or properly certified copy thereof._

**1** First party name given in the document  __Van Cleef & Arpels, Inc.__
*(important  Please read instruction for this and other spaces)*

**2** First title given in the document  __"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones__

**3** Total number of titles in the document  __One__

**4** Amount of fee calculated  __(As previously paid)__

**5** Fee enclosed
☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number:  _____

Deposit account name:  _____

**6** Completeness of document     ☒ Document is complete by its own terms     ☐ Document is not complete. Record as is "

IMPORTANT NOTE: A request to record a document 'as is' under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation, (b) the attachment is not essential to the identification of the subject matter of the document, and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.

**7** Certification of Photocopied Document  Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
NOTE: This space may not be used for documents that require an official certification.

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on __12/28/06__

Signature  __Milton Springut__

Duly authorized agent of  __Van Cleef & Arpels, Inc.__

**8** Return to:   Name  __Milton Springut, Esq., Kalow & Springut LLP__

Number/street  __488 Madison Avenue__       Apt/suite  __1900__

City  __New York__        State  __NY__       Zip  __10522__

Phone number  __(212) 813-1600__     Fax number  __(212) 813-9600__

Email  __ms@creativity-law.com__

SEND TO: Library of Congress, Copyright Office Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of Copyrights; and (3) your document.

# Ⓖ Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** (*Required by the Privacy Act of 1974 (P.L. 93-579)*): The authority for requesting this information is title 17 USC, sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

---

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is'." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c) and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12. *Recordation of Transfers and Other Documents* for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.



*V3544 D949*

135941 2

## STATEMENT REGARDING COPYRIGHT REGISTRATION

In the copyright registration for the "Alhambra" Necklace #4V258 – Gold &

Semi-Precious Stones, GP 101958, the following errors were made: (1) on line number

6(a), the date of publication was identified as "10/31/68" but should have been identified

as November 1970; and (2) on line number 6(b), the place of publication was identified

as "USA" but should have been identified as France. This document is submitted to

correct these errors. Attached as Exhibit A is a copy of a Form CA that is dated

November 28, 2006 and lists these two errors.

December 13, 2006

Scott D. Locke, Esq.

Kalow & Springut LLP
488 Madison Avenue, 19th Floor
New York, NY 10022

Duly Authorized Representative and
Agent of Van Cleef & Arpels, Inc.

V3545 D949 Page 1

EXHIBIT A

Y3545 D949 Page 2

FORM CA RECEIVED

NOV 0 6 2006          NOV 3 0 2006          FORM CA

FUNDS RECEIVED DATE

NOV 0 6 2006

EXAMINED BY _____

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION  ☐ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of: ☒ Part B or ☐ Part C

Line Number: 6(b)      Line Heading or Description: Place of Publication

Incorrect Information as It Appears in Basic Registration
USA

Corrected Information
France

Explanation of Correction
Investigation determined that the place of publication was not accurate.

V3545 D949

Page 3

Correspondence: Give name and address to which correspondence about this application should be sent.

Milton Springut, Esq.
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

Phone ( 212), 813-1600 ____ Fax ( 212) 813-9600 ____ Email ms@creativity-law.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
☐ author                    ☐ owner of exclusive right(s)
☐ other copyright claimant   ☒ duly authorized agent of  Van Cleef & Arpels, Inc.
                                Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼   Milton Springut                          Date ▼ October 31, 2006

Handwritten signature (X) ▼   Milton Springut

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Milton Springut, Esq.
Number/Street/Apt ▼
Kalow & Springut LLP, 488 Madison Avenue, 19th Floor
City/State/ZIP ▼
New York, NY 10022

YOU MUST:
Complete all necessary spaces
Sign your application in Space F
SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or
   money order payable to Register of
   Copyrights
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA-Full  Rev: 07/2006  Print: 07/2006 — —000  Printed on recycled paper





Form CA
for Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|-----|----|-----|----|-----|-----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

_____  _____  _____
Month              Day              Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of Work ▼

"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

Registration Number of the Basic Registration ▼
GP 101958

Year of Basic Registration ▼
1975

Name(s) of Author(s) ▼
Van Cleef & Arpels, Inc.

Name(s) of Copyright Claimant(s) ▼
Van Cleef & Arpels, Inc.

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  6 (a)          Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

10/31/68

Corrected Information ▼

November 1970

Explanation of Correction ▼

Investigation determined that the date of publication was not accurate.

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____          Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶    · Complete all applicable spaces (D-G) on the reverse side of this page.    DO NOT WRITE HERE
                  · See detailed instructions.    · Sign the form at Space F.    Page 1 of _____ pages

# Document Cover Sheet
#### UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _____ Document _____

Volume _____ Document _____

Date of recordation   M _____ D _____ Y _____

[ASSIGNED BY THE COPYRIGHT OFFICE]

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: Please record the accompanying original document or properly certified copy thereof.

**1** First party name given in the document    Van Cleef & Arpels, Inc.

(IMPORTANT  Please read instruction for this and other spaces)

**2** First title given in the document    "Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

**3** Total number of titles in the document    One

**4** Amount of fee calculated    (As previously paid)

**5** Fee enclosed
☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6** Completeness of document    ☒ Document is complete by its own terms    ☐ Document is not complete Record "as is."

IMPORTANT NOTE:  A request to record a document "as is" under 17 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment

**7** Certification of Photocopied Document    Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
NOTE: This space may not be used for documents that require an official certification.

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on ___11/28/06___

Signature    _Milton Springut_

Duly authorized agent of _Van Cleef & Arpels, Inc._

**8** Return to:
Name  _Milton Springut, Esq., Kalow & Springut LLP_

Number/street _488 Madison Avenue_    Apt/suite _1900_

City _New York_    State _NY_    Zip _10522_

Phone number _(212) 813-1600_    Fax number _(212) 813-9600_

Email _ms@creativity-law.com_

SEND TO: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington DC 20559-6000
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of Copyrights; and (3) your document.

DOCUMENT COVER SHEET · REV: 03/2006 · PRINT 07/2006 — 40,000 · Printed on recycled paper    U.S. Government Printing Office 2006 · 0·xxx·xx,xxx

# ◐ Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000.

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

PRIVACY ACT ADVISORY STATEMENT (*Required by the Privacy Act of 1974 (P.L. 93-579)*): The authority for requesting this information is title 17 USC sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record as is." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12: *Recordation of Transfers and Other Documents*, for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

EXHIBIT B-2

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

VAN CLEEF & ARPELS LOGISTICS, S A.,VAN
CLEEF & ARPELS, Inc VAN CEEF & ARPELS
DISTRIBUTION INC.,
　　　　Plaintiffs.

**SUMMONS IN A CIVIL CASE**

V.

ZIRCONMANIA. INC  JACOB HASSIDIM, and
JOHN DOES 1 – 10,

　　　　Defendants.

CASE NUMBER:

# 07 CV 565

## JUDGE STANTON

TO: (Name and address of defendant)

Zirconmania, Inc.
d/b/a Zirconmania com
110 E. 9th Street. Suite A1090
Los Angeles  CA 90079

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kalow & Springut LLP
488 Madison Avenue
New York  NY 10022

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

_____
CLERK

_____
(BY) DEPUTY CLERK

JAN 2 4 2007
_____
DATE

JUDGE STANTON  07 CV  565

139136 1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,  :
VAN CLEEF & ARPELS, Inc.,  :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :  Civil Action No.
  :
  :
Plaintiff,  :
  :  **DISCLOSURES PURSUANT**
  :  **TO RULE 7.1**
v.  :
  :
ZIRCONMANIA, INC., JACOB HASSIDIM, and :
JOHN DOES 1 – 10,  :
  :
Defendants.  :
---------------------------------------------------------------x

Pursuant to Federal Rules of Civil Procedure Rule 7.1 and to enable District Judges and
Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned
counsel for Plaintiff (private non-governmental parties) certifies that the following are corporate
parents, affiliates and/or subsidiaries of said party, which are publicly held:

Compagnie Financiere Richemont, S.A.

Richemont S.A., Luxembourg

Respectfully submitted,
KALOW & SPRINGUT LLP

Dated: January 24, 2007  By: _Milton S._____
  Milton Springut (MS6571)
  Tal S. Benschar (TSB0838)

# JUDGE STANTON
1323913

# 07 CV 565

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,          :
VAN CLEEF & ARPELS, Inc.,                    :          Civil Action No.
VAN CLEEF & ARPELS DISTRIBUTION, INC.,       :

               Plaintiff,                    :

                    v.                       :          **COMPLAINT**

ZIRCONMANIA, INC., JACOB HASSIDIM and        :
JOHN DOES 1 – 10,                            :

               Defendants                    :
-----------------------------------------------------------x

        Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as

follows:

        1.      Plaintiff Van Cleef & Arpels Logistics, S.A. is a corporation organized and

existing under the laws of Switzerland, having an office and place of business at 8 Route de

Chandolan, 1752 Villars-sur-Glane, Switzerland.

        2.      Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under

the laws of the State of New York, having an office and place of business at 12 West 57th Street,

New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels

brand products, and is the exclusive licensee for the sale of such products at retail in the United

States.

3      Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and

existing under the laws of the State of New York, having an office and place of business at 12

West 57th Street, New York, New York 10019. Van Cleef & Arpels Distribution, Inc. is a

licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the

sale of such products at wholesale in the United States. For the purposes of this Complaint,

except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef

& Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter

identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or

"VCA."

4.      Upon information and belief, defendant Zirconmania, Inc. ("Zirconmania") is a

corporation organized and existing under the laws of the States of California, having an office

and place of business at 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079. Upon further

information and belief, Zirconmania is transacting business on the internet using the domain

name zirconmania.com. Defendant Zirconmania is transacting and doing business in this judicial

district and is subject to the personal jurisdiction of this Court.

5.      Upon information and belief, defendant Jacob Hassidim (hereinafter "Hassidim")

is an individual who is an officer or a managing agent of Zirconmania, having an office and

place of business at Zirconmania, 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079 and is

a conscious dominant and active force behind the wrongful acts of Zirconmania complained of

herein, which wrongful acts he has engaged in for the benefit of Zirconmania and for his own

individual gain and benefit. Defendant Hassidim is transacting and doing business in this

judicial district and is subject to the personal jurisdiction of this Court.

6       Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of one or more of the defendants named above and are conscious dominant and active forces behind the wrongful acts of one or more of the defendants named above and complained of herein, which wrongful acts they have engaged in for the benefit of one or more of the named defendants above and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7       Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8.      Defendants Zirconmania, Hassidim and John Does 1 - 10 are collectively referenced herein as the "Defendants."

### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

11.     This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## The Van Cleef & Arpels Brand and Business

13.     The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

## The Alhambra Jewelry Design

14.     VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



4

15. The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

16. VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

17. On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

18. VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

5

(a) Clover-shaped jewelry;

(b) Having a flat shape;

(c) Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d) A beaded metal frame around the clover shape; and

(e) Having slightly larger beads at the four indented corners of the clover shape.

19.    The collocation of features set forth in the above paragraph herein constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

20.    The ALHAMBRA Trade Dress is in no way functional.

**Defendants' Infringing Activities**

21.    On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

22.    No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

6

## COUNT I
## TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

23. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

24. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

25. Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

26. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

27. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

28. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT II
## COMMON LAW TRADE DRESS
## INFRINGEMENT AND UNFAIR COMPETITION

29.   VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants

30.   Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA

31.   Defendants' actions constitute common law trade dress infringement and unfair competition

32.   The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them

33.   Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

34.   Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law

## COUNT III
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

35.   VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

8

36.    Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY

DESIGN by reproducing such design without authorization and distributing copies thereof by

sale and other means, and/or contributing to or inducing the reproduction and distribution of said

design

37.    VCA has no adequate remedy at law and is suffering irreparable harm and damage

as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but

believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiffs demand:

1.    That Defendants, their officers, agents, servants, employees and attorneys, and

those in active concert or participation with them or any of them, be permanently enjoined and

restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified

herein.

2    That Defendants be required to deliver up to Plaintiffs for destruction any and all

goods in their possession that infringe upon the copyright identified herein.

3.    That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs

for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of

said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at

a later time elect to recover

4.    That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants,

Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action

5      That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

      (a)      From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

      (b)      From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

      (c)      From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

      (d)      From otherwise competing unfairly with Plaintiffs in any manner

6      That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

7.      That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying

or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9. That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10. That Plaintiffs be awarded punitive damages.

11. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: January 24, 2007        By: _Milton Springut_____

Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

11

3.    Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, New York 10019  Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States  For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

4.    Upon information and belief, defendant Zirconmania, Inc. ("Zirconmania") is a corporation organized and existing under the laws of the States of California, having an office and place of business at 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079. Upon further information and belief, Zirconmania is transacting business on the internet using the domain name *zirconmania.com*  Defendant Zirconmania is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.    Upon information and belief, defendant Jacob Hassidim (hereinafter "Hassidim") is an individual who is an officer or a managing agent of Zirconmania, having an office and place of business at Zirconmania, 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079 and is a conscious dominant and active force behind the wrongful acts of Zirconmania complained of herein, which wrongful acts he has engaged in for the benefit of Zirconmania and for his own individual gain and benefit. Defendant Hassidim is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

2

6.      Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of one or more of the defendants named above and are conscious dominant and active forces behind the wrongful acts of one or more of the defendants named above and complained of herein, which wrongful acts they have engaged in for the benefit of one or more of the named defendants above and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7.      Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8.      Defendants Zirconmania, Hassidim and John Does 1 - 10 are collectively referenced herein as the "Defendants."

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

3

11      This Court has subject matter jurisdiction over the claims in this action arising

under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

12      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## The Van Cleef & Arpels Brand and Business

13.      The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef

married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place

Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the

production of fine luxury watches and jewelry, innovation in watch and jewelry styles and

designs, and introduction of new and important jewelry technologies, including the introduction

of a patented invisible-setting technique in the 1930s. For many years, and long since before the

acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale

in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and

related goods (the "VCA Products").

## The Alhambra Jewelry Design

14.      VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry

Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



4

15.    The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

16.    VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

17.    On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

18.    VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

5

(a) Clover-shaped jewelry;

(b) Having a flat shape;

(c) Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d) A beaded metal frame around the clover shape; and

(e) Having slightly larger beads at the four indented corners of the clover shape.

19.   The collocation of features set forth in the above paragraph herein constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

20.   The ALHAMBRA Trade Dress is in no way functional.

## Defendants' Infringing Activities

21.   On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

22   No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein

6

## COUNT I
## TRADE DRESS INFRINGEMENT
## 15 U.S.C. § 1125(a)

23. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

24. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

25. Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

26. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

27. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

28. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

7

## COUNT II
## COMMON LAW TRADE DRESS
## INFRINGEMENT AND UNFAIR COMPETITION

29. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants.

30. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

31. Defendants' actions constitute common law trade dress infringement and unfair competition

32. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them

33. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000)

34. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law

## COUNT III
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

35. VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants

8

36.     Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY DESIGN by reproducing such design without authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

37.     VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiffs demand:

1.     That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified herein.

2.     That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyright identified herein.

3.     That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

4.     That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

5.     That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

(a)     From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

(b)     From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

(c)     From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

(d)     From otherwise competing unfairly with Plaintiffs in any manner.

6.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

7.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying

10

or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9. That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10. That Plaintiffs be awarded punitive damages.

11. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: January 24, 2007

By: _Milton Springut_

Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

11

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

Form VA
REGISTRATION NO.
GP 101958
DO NOT WRITE HERE
GF    GFO   (GP)   GU
CLASS
G

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559 together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1 Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s) For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name  VCA - Alternative designation for Van Cleef & Arpels, Inc.

Address  744 Fifth Avenue, New York, N.Y. 10019

Name

Address

**2. Title:** "Alhambra" NECKLACE # 4VZ58 - Gold & Semi-precious Stones
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:** Artistic Jewelry
(Characterize the general type of artistic work involved, as, for example, painting, drawing, sculpture, etc.)

**▶▶▶ NOTE: Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies. ◀◀◀**

**4 Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in ONE of the following):

☒ Monetary value (retail value per copy) abt. $1,500    ☐ Weight (in pounds)
☒ Size (give dimensions) 33 ins. long     ☐ Fragility (give details)

**5. Author (i.e., Artist):** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under

U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name  Van Cleef & Arpels, Inc.    Citizenship  USA
(Give legal name followed by pseudonym if latter appears on the copies)     (Name of country)

Domiciled in U.S.A  Yes .... No ....X    Address  744 Fifth Avenue, N.Y., N.Y. 10019

**▶▶▶ NOTE: Leave all spaces of line 6 blank unless your work has been PUBLISHED. ◀◀◀**

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or

printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

10/31/68
(Month)   (Day)   (Year)

**(b) Place of Publication:** Give the name of the country in which this particular work was first published.

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture:

USA

**▶▶▶ NOTE: Leave all spaces of line 7 blank unless the instructions below apply to your work. ◀◀◀**

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or

if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ...... No ...... Date of registration ............................ Registration number ............................

Was work previously published? Yes ...... No ...... Date of publication ............................ Registration number ............................

Is there any substantial NEW MATTER in this version? Yes ........ No ........ If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like as well as additional artistic or graphic material.)

EXAMINER

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office give name of account:

9. Name and address of person or organization to whom correspondence about this claim, if any, should be sent:

Name _____ E. Gurin _____ Address _744 Fifth Avenue, New York, N.Y. 10_

10. Send certificate to:

(Type or print name and address)

Name _____ Evelyne Gurin _____

Address _____ 744 Fifth Avenue _____
(Number and street)

New York, N.Y. 10019
(City)          (State)          (ZIP code)

11. Certification:

(Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

_____ Evelyne Gurin _____
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A — Form A—Published book manufactured in the United States of America.

Class A or B — Form A-B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A-B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B — Form B—Periodical manufactured in the United States of America.

Class C — Form C—Contribution to a periodical manufactured in the United States of America.

Class C — Form C—Lecture or similar production prepared for oral delivery.

Class D — Form D—Dramatic or dramatico-musical composition.

Class E — Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F — Form F—Map.

Class G — Form G—Work of art or a model or design for a work of art.

Class H — Form H—Reproduction of a work of art.

Class I — Form I—Drawing or plastic work of a scientific or technical character.

Class J — Form J—Photograph.

Class K — Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M — Form L-M—Motion picture.

Class N — Form N—Sound recording.

• Form R—Renewal copyright.

• Form U—Notice of use of musical composition on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received | Two copies received | Photographs or reproductions received |
| JAN 07 1976 | | OCT 1 1975 |
| One copy or reproduction received | | |
| Fee received | | |
| 125461   OCT 1 1975 | | |
| Renewal | | |





# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

DATE OF RECORDATION

13Dec06

| VOLUME | DOC. NO. |
|--------|----------|
| 3544 | 949 |
| VOLUME | DOC. NO. |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

**Document Cover Sheet**
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume ___3545___   Document ___949___

Volume _____

Date of recordation  M   DEC 1 3 2006
                     D
                     Y

Funds received _____

RECEIVED

DEC 1 3 2006

DOCUMENT SECTION

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights  *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document  Van Cleef & Arpels, Inc.

**2** First title given in the document  "Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

**3** Total number of titles in the document  One

**4** Amount of fee calculated  (As previously paid)

**5** Fee enclosed
☐ Check  ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____
Deposit account name _____

**6** Completeness of document  ☒ Document is complete by its own terms  ☐ Document is not complete. Record "as is"

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document  Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature
NOTE: *This space may not be used for documents that require an official certification*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document  Executed on ___12/28/06___

Signature ___Milton Springut___

Duly authorized agent of  Van Cleef & Arpels, Inc.

**8** Return to  Name  Milton Springut, Esq:, Kalow & Springut LLP

Number/street  488 Madison Avenue          Apt/suite  1900

City  New York          State  NY          Zip  10522

Phone number  (212) 813-1600    Fax number  (212) 813-9600

Email  ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: *(1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of Copyrights; and (3) your document.*

DEC 06 LM150-181-1-1LF   REV 07   2006   PRINT #07/2006 — 40,000   ʘ  ʘted on recycled paper   U.S. Government Printing Office: 2006-310-xxx/60,xxx

 # Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were *not* part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** (*Required by the Privacy Act of 1974 (P.L. 93-5791)*: The authority for requesting this information is title 17 USC, sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

**NOTE**: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document (not the number of works).

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is'." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents* for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

V3544 D949



135941 2

<u>STATEMENT REGARDING COPYRIGHT REGISTRATION</u>

In the copyright registration for the "Alhambra" Necklace #4V258 – Gold &

Semi-Precious Stones, GP 101958, the following errors were made: (1) on line number

6(a), the date of publication was identified as "10/31/68" but should have been identified

as November 1970; and (2) on line number 6(b), the place of publication was identified

as "USA" but should have been identified as France. This document is submitted to

correct these errors. Attached as Exhibit A is a copy of a Form CA that is dated

November 28, 2006 and lists these two errors.

December 13, 2006

Scott D. Locke, Esq.

Kalow & Springut LLP
488 Madison Avenue, 19th Floor
New York, NY 10022

Duly Authorized Representative and
Agent of Van Cleef & Arpels, Inc.

V3545 D949  Page 1

EXHIBIT A

V3545 D949 Page 2

FORM CA RECEIVED

NOV 0 6 2006      NOV 3 0 2006      FORM CA

FUNDS RECEIVED DATE

NOV 0 6 2006

EXAMINED BY

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☐ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of: ☒ Part B or ☐ Part C

Line Number: 6(b)     Line Heading or Description: Place of Publication

Incorrect Information as It Appears in Basic Registration
USA

Corrected Information
France

Explanation of Correction
Investigation determined that the place of publication was not accurate.

Correspondence: Give name and address to which correspondence about this application should be sent

Milton Springut, Esq.
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

Phone ( 212 ) 813-1600      Fax ( 212 ) 813-9600      Email ms@creativity-law.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
☐ author      ☐ owner of exclusive right(s)
☐ other copyright claimant   ☒ duly authorized agent of   Van Cleef & Arpels, Inc.
                                 Name of author or other copyright claimant or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼
Milton Springut                    Date ▼ October 31, 2006

Handwritten signature (X) ▼ _Milton Springut_

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Milton Springut, Esq.

Number/Street/Apt ▼
Kalow & Springut LLP, 488 Madison Avenue, 19th Floor

City/State/ZIP ▼
New York, NY 10022

YOU MUST:
• Complete all necessary spaces
• Sign your application in Space F

SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or
money order payable to Register of
Copyrights

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA-Full Rev:07/2006 Print:07/2006— -000 Printed on recycled paper

V3545 D949 Page 3





Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|-----|-----|-----|-----|-----|-----|-----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**Title of Work ▼**

"Alhambra' NECKLACE #4V258 - Gold & Semi-Precious Stones

**Registration Number of the Basic Registration ▼**
GP 101958

**Year of Basic Registration ▼**
1975

**Name(s) of Author(s) ▼**
Van Cleef & Arpels, Inc.

**Name(s) of Copyright Claimant(s) ▼**
Van Cleef & Arpels, Inc.

**Location and Nature of Incorrect Information in Basic Registration ▼**

Line Number 6 (a)               Line Heading or Description  Date of Publication

**Incorrect Information as It Appears in Basic Registration ▼**

10/31/68

**Corrected Information ▼**

November 1970

**Explanation of Correction ▼**

Investigation determined that the date of publication was not accurate.

**Location and Nature of Information in Basic Registration to be Amplified ▼**

Line Number _____ Line Heading or Description _____

**Amplified Information and Explanation of Information ▼**

MORE ON BACK ▶    Complete all applicable spaces (D-G) on the reverse side of this page
                  See detailed instructions    Sign the form at Space F

DO NOT WRITE HERE
Page 1 of _____ pages

## Document Cover Sheet

UNITED STATES COPYRIGHT OFFICE

For Recordation of Documents

Volume _____ Document _____

Volume _____ Document _____

Date of recordation   M _____ D _____ Y _____

[ASSIGNED BY THE COPYRIGHT OFFICE]

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document   Van Cleef & Arpels, Inc.

(IMPORTANT · Please read instruction for this and other spaces)

**2** First title given in the document   "Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

**3** Total number of titles in the document   One

**4** Amount of fee calculated   (As previously paid)

**5** Fee enclosed   ☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6** Completeness of document   ☒ Document is complete by its own terms   ☐ Document is not complete. Record "as is."

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment*

**7** Certification of Photocopied Document   Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
NOTE: This space may not be used for documents that require an official certification.

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on   11/28/06   DATE

Signature   Milton Springut

Duly authorized agent of   Van Cleef & Arpels, Inc.

**8** Return to.   Name   Milton Springut, Esq., Kalow & Springut LLP

Number/street   488 Madison Avenue   Apt/suite   1900

City   New York   State   NY   Zip   10522

Phone number   (212) 813-1600   Fax number   (212) 813-9600

Email   ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights*; and (3) your document

DOCUMENT COVER SHEET · REV 07 · 2006 · PRINT 07/2006 — xx,000 · Printed on recycled paper   U.S. Government Printing Office 2006: 310-xxx/60,xxx

 **Document Cover Sheet · Basic Information**

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000.

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** *(Required by the Privacy Act of 1974 (P.L. 93-579))*: The authority for requesting this information is title 17 USC sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc., following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. 'Alternative' titles, 'formerly-known-as' titles and 'also-known-as' titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group the fee for a group still applies. Copyright Office fees are subject to change. For current fees check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of documents.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is'." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents* for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

**EXHIBIT B-2**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
| --- | --- | --- |

VAN CLEEF & ARPELS LOGISTICS, S A.,VAN
CLEEF & ARPELS, Inc VAN CEEF & ARPELS
DISTRIBUTION INC ,
        Plaintiffs

**V.**

ZIRCONMANIA INC  JACOB HASSIDIM, and
JOHN DOES 1 – 10,

        Defendants

### SUMMONS IN A CIVIL CASE

CASE NUMBER:

# 07 CV 565

## JUDGE STANTON

TO: (Name and address of defendant)

Zirconmania, Inc.
d/b/a Zirconmania.com
110 E. 9th Street. Suite A1090
Los Angeles  CA 90079

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kalow & Springut LLP
488 Madison Avenue
New York  NY 10022

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint  You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

JAN 2 4 2007

CLERK                                    DATE

(BY) DEPUTY CLERK

JUDGE STANTON                 07 CV                565

139136 1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A.,          :
VAN CLEEF & ARPELS, Inc.,                    :          Civil Action No.
VAN CLEEF & ARPELS DISTRIBUTION, INC.,       :
                                             :
                 Plaintiff,                  :
                                             :          **DISCLOSURES PURSUANT**
                                             :          **TO RULE 7.1**
                                             :
v.                                           :
                                             :
ZIRCONMANIA, INC., JACOB HASSIDIM, and       :
JOHN DOES 1 – 10,                            :
                                             :
                 Defendants.                 :
------------------------------------------------------x

        Pursuant to Federal Rules of Civil Procedure Rule 7.1 and to enable District Judges and
Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned
counsel for Plaintiff (private non-governmental parties) certifies that the following are corporate
parents, affiliates and/or subsidiaries of said party, which are publicly held:

                        Compagnie Financiere Richemont, S.A.

                        Richemont S.A., Luxembourg

                                        Respectfully submitted,
                                        KALOW & SPRINGUT LLP

Dated: January 24, 2007                 By: _____
                                            Milton Springut (MS6571)
                                            Tal S. Benschar (TSB0838)

JUDGE STANTON          07 CV          565

132391 3

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600



Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.,  :
VAN CLEEF & ARPELS, Inc.,            :       Civil Action No.
VAN CLEEF & ARPELS DISTRIBUTION, INC., :
                                     :
            Plaintiff,               :
                                     :
        v                            :       **COMPLAINT**
                                     :
ZIRCONMANIA, INC., JACOB HASSIDIM and :
JOHN DOES 1 – 10,                    :
                                     :
            Defendants               :
------------------------------------------------------------x

        Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as

follows:

        1.      Plaintiff Van Cleef & Arpels Logistics, S.A. is a corporation organized and

existing under the laws of Switzerland, having an office and place of business at 8 Route de

Chandolan, 1752 Villars-sur-Glane, Switzerland.

        2.      Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under

the laws of the State of New York, having an office and place of business at 12 West 57th Street,

New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels

brand products, and is the exclusive licensee for the sale of such products at retail in the United

States.

3    Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and
existing under the laws of the State of New York, having an office and place of business at 12
West 57th Street, New York, New York 10019. Van Cleef & Arpels Distribution, Inc. is a
licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the
sale of such products at wholesale in the United States. For the purposes of this Complaint,
except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef
& Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter
identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or
"VCA."

4.    Upon information and belief, defendant Zirconmania, Inc. ("Zirconmania") is a
corporation organized and existing under the laws of the States of California, having an office
and place of business at 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079. Upon further
information and belief, Zirconmania is transacting business on the internet using the domain
name *zirconmania.com*. Defendant Zirconmania is transacting and doing business in this judicial
district and is subject to the personal jurisdiction of this Court.

5.    Upon information and belief, defendant Jacob Hassidim (hereinafter "Hassidim")
is an individual who is an officer or a managing agent of Zirconmania, having an office and
place of business at Zirconmania, 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079 and is
a conscious dominant and active force behind the wrongful acts of Zirconmania complained of
herein, which wrongful acts he has engaged in for the benefit of Zirconmania and for his own
individual gain and benefit. Defendant Hassidim is transacting and doing business in this
judicial district and is subject to the personal jurisdiction of this Court.

6.    Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of one or more of the defendants named above and are conscious dominant and active forces behind the wrongful acts of one or more of the defendants named above and complained of herein, which wrongful acts they have engaged in for the benefit of one or more of the named defendants above and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7.    Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8.    Defendants Zirconmania, Hassidim and John Does 1 - 10 are collectively referenced herein as the "Defendants."

### JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

10.    This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

11.   This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

12.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## The Van Cleef & Arpels Brand and Business

13.   The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

## The Alhambra Jewelry Design

14.   VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



4

15     The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

16.    VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

17.    On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

18.    VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

(a) Clover-shaped jewelry;

(b) Having a flat shape;

(c) Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d) A beaded metal frame around the clover shape; and

(e) Having slightly larger beads at the four indented corners of the clover shape.

19.     The collocation of features set forth in the above paragraph herein constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

20.     The ALHAMBRA Trade Dress is in no way functional.

**Defendants' Infringing Activities**

21.     On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

22.     No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

6

COUNT I
TRADE DRESS INFRINGEMENT
15 U.S.C. § 1125(a)

23. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

24 Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA

25 Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

26. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith

27. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

28. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT II
## COMMON LAW TRADE DRESS
## INFRINGEMENT AND UNFAIR COMPETITION

29. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants.

30. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

31. Defendants' actions constitute common law trade dress infringement and unfair competition.

32. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them.

33. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

34. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT III
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

35. VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

8

36.    Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY DESIGN by reproducing such design without authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

37.    VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiffs demand:

1.    That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified herein.

2.    That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyright identified herein.

3.    That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

4.    That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

9

5      That Defendants, their officers, agents, servants, employees and attorneys, and

those in active concert or participation with them or any of them, be permanently enjoined and

restrained:

(a)     From using in any manner the ALHAMBRA Trade Dress, alone or in

combination with any other words or designs, in manner likely to cause

confusion, deception, or mistake on or in connection with advertising,

offering for sale or sale of any goods not manufactured by VCA, or not

authorized by VCA to be sold in connection with their respective said

marks;

(b)     From representing, suggesting in any fashion to any third party, or

performing any act that may give rise to the belief that Defendants, or any

of their goods, are authorized or sponsored by VCA;

(c)     From passing off, inducing or enabling others to sell or pass off any goods

as products produced by Plaintiffs that are not in fact genuine VCA goods,

or not produced under the control and supervision of VCA and approved

by VCA and

(d)     From otherwise competing unfairly with Plaintiffs in any manner

6      That Defendants be required to deliver up to Plaintiffs for destruction, any and all

goods in their possession or under their control that were or are being advertised, promoted,

offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in

combination with any words or designs.

7.     That Defendants be required to deliver up to Plaintiffs for destruction, any and all

catalogs, circulars and other printed material in their possession or under their control displaying

10

or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9. That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10. That Plaintiffs be awarded punitive damages.

11. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: January 24, 2007     By: ___Milton Springut___

Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

11

3.     Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, New York 10019. Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States. For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

4.     Upon information and belief, defendant Zirconmania, Inc. ("Zirconmania") is a corporation organized and existing under the laws of the States of California, having an office and place of business at 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079. Upon further information and belief, Zirconmania is transacting business on the internet using the domain name *zirconmania.com* Defendant Zirconmania is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.     Upon information and belief, defendant Jacob Hassidim (hereinafter "Hassidim") is an individual who is an officer or a managing agent of Zirconmania, having an office and place of business at Zirconmania, 110 E. 9th Street, Suite A1090, Los Angeles, CA 90079 and is a conscious dominant and active force behind the wrongful acts of Zirconmania complained of herein, which wrongful acts he has engaged in for the benefit of Zirconmania and for his own individual gain and benefit. Defendant Hassidim is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

2

6       Upon information and belief, defendants John Does 1-5 are individuals who are officers or other managing agents of one or more of the defendants named above and are conscious dominant and active forces behind the wrongful acts of one or more of the defendants named above and complained of herein, which wrongful acts they have engaged in for the benefit of one or more of the named defendants above and for their own individual gain and benefit. Defendants John Does 1-5 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7.      Upon information and belief, defendants John Does 6-10 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 6-10 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 6-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8.      Defendants Zirconmania, Hassidim and John Does 1 - 10 are collectively referenced herein as the "Defendants."

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

3

11    This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

12    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**The Van Cleef & Arpels Brand and Business**

13.    The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

**The Alhambra Jewelry Design**

14.    VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:



4

15.    The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

16.    VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration").

17.    On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

**The ALHAMBRA Trade Dress**

18.    VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

5

(a) Clover-shaped jewelry;

(b) Having a flat shape;

(c) Inlaid with translucent or colored material, such as Mother-of-Pearl;

(d) A beaded metal frame around the clover shape; and

(e) Having slightly larger beads at the four indented corners of the clover shape.

19. The collocation of features set forth in the above paragraph herein constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

20. The ALHAMBRA Trade Dress is in no way functional.

**Defendants' Infringing Activities**

21. On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

22. No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein

6

## COUNT I
## TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

23. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

24. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

25. Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

26. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

27. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

28. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

7

## COUNT II
## COMMON LAW TRADE DRESS
## INFRINGEMENT AND UNFAIR COMPETITION

29. VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants.

30. Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

31. Defendants' actions constitute common law trade dress infringement and unfair competition

32. The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them

33. Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000)

34. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT III
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

35. VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

8

36.    Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY
DESIGN by reproducing such design without authorization and distributing copies thereof by
sale and other means, and/or contributing to or inducing the reproduction and distribution of said
design.

37.    VCA has no adequate remedy at law and is suffering irreparable harm and damage
as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but
believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiffs demand:

1.    That Defendants, their officers, agents, servants, employees and attorneys, and
those in active concert or participation with them or any of them, be permanently enjoined and
restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified
herein.

2.    That Defendants be required to deliver up to Plaintiffs for destruction any and all
goods in their possession that infringe upon the copyright identified herein.

3.    That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs
for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of
said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at
a later time elect to recover.

4.    That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants,
Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

9

5. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

(a) From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

(b) From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

(c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

(d) From otherwise competing unfairly with Plaintiffs in any manner.

6. That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

7. That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying

10

or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9. That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10. That Plaintiffs be awarded punitive damages.

11. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: January 24, 2007     By: _Milton Springut_____
Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

11

Page 1

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

REGISTRATION NO.

GP 101958    CLASS

GF    DO NOT WRITE HERE    GU
GF0    GP

**G**

*Instructions:* Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559 together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1 Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name VCA - Alternative designation for Van Cleef & Arpels, Inc.

Address 744 Fifth Avenue, New York, N.Y. 10019

Name

Address

**2. Title:** "Alhambra" NECKLACE # 4V258 - Gold & Semi-precious Stones
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:** Artistic Jewelry
(Characterize the general type of artistic work involved, as for example, painting, drawing, sculpture, etc.)

➤➤➤ NOTE: Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies. ◄◄◄

**4 Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in ONE of the following):

☒ Monetary value (retail value per copy) abt. $1,500    ☐ Weight (in pounds)
☒ Size (give dimensions) 33 ins. long    ☐ Fragility (give details)

**5. Author** (i.e., Artist): Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name Van Cleef & Arpels, Inc.    Citizenship USA
(Give legal name followed by pseudonym if latter appears on the copies)    (Name of country)

Domiciled in U.S.A. Yes .. X. No ..... Address 744 Fifth Avenue, N.Y., N.Y. 10019

➤➤➤ NOTE: Leave all spaces of line 6 blank unless your work has been PUBLISHED. ◄◄◄

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

10/31/68
(Month)    (Day)    (Year)

(b) **Place of Publication:** Give the name of the country in which this particular work was first published.

(c) **Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture.

USA

➤➤➤ NOTE: Leave all spaces of line 7 blank unless the instructions below apply to your work. ◄◄◄

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ...... No ...... Date of registration ........................ Registration number ........................

Was work previously published? Yes ...... No ...... Date of publication ........................ Registration number ........................

Is there any substantial NEW MATTER in this version? Yes ...... No ...... If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like as well as additional artistic or graphic material.)

EXAMINER

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office give name of account:

9. Name and address of person ~~or organization~~ to whom correspondence ~~concerning~~ if any, should be sent:

Name ............ E. Gurin ................. Address 744 Fifth Avenue, New York, N.Y. 10

10. Send certificate to:

(Type or
print
name and
address)

Name ......... Evelyne Gurin

Address ...... 744 Fifth Avenue
                (Number and street)
              New York, N.Y. 10019
              (City)          (State)          (ZIP code)

11. **Certification:**

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

................ Evelyne Gurin ................
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A   Form A—Published book manufactured in the United States of America.

Class A   Form A-B Foreign—Book or periodical manufactured outside the United States of America (except works subject to
or B      the ad interim provisions of the copyright law).
          Form A-B Ad Interim—Book or periodical in the English language manufactured and first published outside the
          United States of America.

Class B   Form B—Periodical manufactured in the United States of America.
          Form BB—Contribution to a periodical manufactured in the United States of America.

Class C   Form C—Lecture or similar production prepared for oral delivery.

Class D   Form D—Dramatic or dramatico-musical composition.

Class E   Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which
          was first published in the United States of America.
          Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of
          America and which was not first published in the United States of America.

Class F   Form F—Map.

Class G   Form G—Work of art or a model or design for a work of art.

Class H   Form H—Reproduction of a work of art.

Class I   Form I—Drawing or plastic work of a scientific or technical character.

Class J   Form J—Photograph.

Class K   Form K—Print or pictorial illustration.
          Form KK—Print or label used for an article of merchandise.

Class L   Form L-M—Motion picture.
or M

Class N   Form N—Sound recording.

•         Form R—Renewal copyright.

•         Form U—Notice of use of musical composition on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| Application received | Two copies received | Photographs or reproductions received |
| JAN 0 7 1976 | | OCT 1 1975 |
| One copy or reproduction received | | |
| Fee received | | |
| 1.5401   OCT 1 1975 | | |
| Renewal | | |





# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

DATE OF RECORDATION

13Dec06

VOLUME                          DOC. NO.

3544                            949

VOLUME                          DOC. NO.

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

**Document Cover Sheet**
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _3545_  Document _949_

Volume _____

Date of recordation  M  DEC 1 3 2006

Funds received _____

RECEIVED

DEC 1 3 2006

DOCUMENT SECTION

DO NOT WRITE ABOVE THIS LINE — SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights  Please record the accompanying original document or properly certified copy thereof

**1**  First party name given in the document    Van Cleef & Arpels, Inc.
IMPORTANT  Please read instruction for this and other spaces

**2**  First title given in the document    "Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

**3**  Total number of titles in the document    One

**4**  Amount of fee calculated    (As previously paid)

**5**  Fee enclosed    ☐ Check  ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6**  Completeness of document    ☒ Document is complete by its own terms    ☐ Document is not complete. Record "as is"

IMPORTANT NOTE: A request to record a document "as is" under 37 CFR §201 4(c)(2) is an assertion
that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not
essential to the identification of the subject matter of the document; and (c) it would be impossible
or wholly impracticable to have the parties to the document sign or initial a deletion of the reference
to the attachment

**7**  Certification of Photocopied Document    Complete this certification if a photocopy of the original signed document is substituted for a
document bearing the actual original signature
NOTE: This space may not be used for documents that require an official certification

I declare under penalty of perjury that the accompanying document is a true and correct copy
of the original document  Executed on _11/28/06_
DATE
Signature _Milton Springut_

Duly authorized agent of  Van Cleef & Arpels, Inc.

**8**  Return to    Name _Milton Springut, Esq:, Kalow & Springut LLP_

Number/street _488 Madison Avenue_    Apt/suite _1900_

City _New York_    State _NY_    Zip _10522_

Phone number _(212) 813-1600_    Fax number _(212) 813-9600_

Email _ms@creativity-law.com_

SEND TO: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of
Copyrights; and (3) your document.

DEC 13 ENT CO. (1 P-1.LG  REV. 03  2006    PRINT 07/2006 — 40 000    ® Printed on recycled paper    U.S Government Printing Office 2006-310-XXX/60,XXX

 # Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000.

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were *not* part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** *(Required by the Privacy Act of 1974 (P.L. 93-579))*: The authority for requesting this information is title 17 USC, sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

---

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is.'" All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under § 203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents*, for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

V3544 D949



135941 2

<u>STATEMENT REGARDING COPYRIGHT REGISTRATION</u>

In the copyright registration for the "Alhambra" Necklace #4V258 – Gold & Semi-Precious Stones, GP 101958, the following errors were made: (1) on line number 6(a), the date of publication was identified as "10/31/68" but should have been identified as November 1970; and (2) on line number 6(b), the place of publication was identified as "USA" but should have been identified as France. This document is submitted to correct these errors. Attached as Exhibit A is a copy of a Form CA that is dated November 28, 2006 and lists these two errors.

December 13, 2006

_____

Scott D. Locke, Esq.

Kalow & Springut LLP
488 Madison Avenue, 19th Floor
New York, NY 10022

Duly Authorized Representative and
Agent of Van Cleef & Arpels, Inc.

V3545 D949    Page 1

EXHIBIT A

V3545 D949 Page 2

FORM CA RECEIVED

NOV 0 6 2006    NOV 3 0 2006

FUNDS RECEIVED DATE

NOV 0 6 2006

EXAMINED BY

CORRESPONDENCE ❑

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION   ❑ YES  ❑ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of: ☒ Part B or ❑ Part C

Line Number: 6(b)   Line Heading or Description: Place of Publication

Incorrect Information as It Appears in Basic Registration
USA

Corrected Information
France

Explanation of Correction
Investigation determined that the place of publication was not accurate.

Correspondence: Give name and address to which correspondence about this application should be sent

Milton Springut, Esq.
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

Phone ( 212 ) 813-1600    Fax ( 212 ) 813-9600    Email  ms@creativity-law.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
❑ author
❑ owner of exclusive right(s)
❑ other copyright claimant  ☒ duly authorized agent of   Van Cleef & Arpels, Inc.
                                                    Name of author or other copyright claimant or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼   Milton Springut                          Date ▼   October 31, 2006

Handwritten signature (X) ▼   *Milton Springut*

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Milton Springut, Esq.

Number/Street/Apt ▼
Kalow & Springut LLP, 488 Madison Avenue, 19th Floor

City/State/ZIP ▼
New York, NY 10022

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in Space F
**SEND ALL ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or
   money order payable to Register of
   Copyrights
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

Y3545 D949   Page 3





Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

_____Month____Day____Year_____

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of Work ▼

"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

| Registration Number of the Basic Registration ▼ | Year of Basic Registration ▼ |
|---|---|
| GP 101958 | 1975 |
| Name(s) of Author(s) ▼ | Name(s) of Copyright Claimant(s) ▼ |
| Van Cleef & Arpels, Inc. | Van Cleef & Arpels, Inc. |

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number 6 (a) _____ Line Heading or Description Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

10/31/68

Corrected Information ▼

November 1970

Explanation of Correction ▼

Investigation determined that the date of publication was not accurate.

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____ Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶   · Complete all applicable spaces (D-G) on the reverse side of this page
· See detailed instructions   · Sign the form at Space F

DO NOT WRITE HERE
Page 1 of _____ pages

## Document Cover Sheet

UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _____ Document _____

Volume _____ Document _____

Date of recordation   M _____ D _____ Y _____
(ASSIGNED BY THE COPYRIGHT OFFICE)

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document   Van Cleef & Arpels, Inc.
(IMPORTANT: Please read instruction for this and other spaces)

**2** First title given in the document   "Alhambra" NECKLACE #4V258 – Gold & Semi-Precious Stones

**3** Total number of titles in the document   One

**4** Amount of fee calculated   (As previously paid)

**5** Fee enclosed   ☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6** Completeness of document   ☒ Document is complete by its own terms   ☐ Document is not complete. Record "as is."

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document   Complete this certification if a photocopy of the original signed document is substituted for a document bearing the original signature
NOTE: *This space may not be used for documents that require an official certification.*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on   11/28/06.
(DATE)

Signature _____

Duly authorized agent of   Van Cleef & Arpels, Inc.

**8** Return to:   Name   Milton Springut, Esq., Kalow & Springut LLP

Number/street   488 Madison Avenue   Apt/suite   1900

City   New York   State   NY   Zip   10522

Phone number   (212) 813-1600   Fax number   (212) 813-9600

Email   ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights;* and (3) your document

DOCUMENT COVER SHEET   REV 07-1996   PRINT 07-1996 — 40,000   Printed on recycled paper   U.S. Government Printing Office 1996-410-xxx/60,xxx

 # Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

**PRIVACY ACT ADVISORY STATEMENT** *(Required by the Privacy Act of 1974 (P.L. 93-579))*: The authority for requesting this information is title 17 USC sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

---

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space

*Space 3: Total number of titles in the document* The total number of titles (including a k.a. and other variant titles of 1 work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly known as" titles and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is'." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c). and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12. *Recordation of Transfers and Other Documents* for more information

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

EXHIBIT B-3

141742.1

JUDGE MARRERO

# 07 CV 1445

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600



RECEIVED
FEB 28 2007
U.S.D.C. S.D. N.Y
CASHIERS

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VAN CLEEF & ARPELS LOGISTICS, S.A.;    :
VAN CLEEF & ARPELS, INC; and    :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :
   :
     Plaintiffs,    :
   :
     v.    :
   :
JJ GOLD INTERNATIONAL, INC. d/b/a    :
LAUREN G. ADAMS; THE YELLOW DOOR;    :
R&R REPLICAS; and JOHN DOES 1-20,    :
   :
     Defendants.    :
-------------------------------------------------------x

Civil Action

No.

**COMPLAINT**

Plaintiffs, complaining of defendants, through their undersigned counsel, hereby allege as follows:

1.    Plaintiff Van Cleef & Arpels Logistics, S.A. is a corporation organized and existing under the laws of Switzerland, having an office and place of business at 8 Route de Chandolan, 1752 Villars-sur-Glane, Switzerland.

2.    Plaintiff Van Cleef & Arpels, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, NY 10015. Van Cleef & Arpels, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at retail in the United States.

3.      Plaintiff Van Cleef & Arpels Distribution, Inc. is a corporation organized and existing under the laws of the State of New York, having an office and place of business at 12 West 57th Street, New York, New York 10019. Van Cleef & Arpels Distribution, Inc. is a licensed importer of Van Cleef & Arpels brand products, and is the exclusive licensee for the sale of such products at wholesale in the United States. For the purposes of this Complaint, except where specified, the interests of plaintiffs Van Cleef & Arpels Logistics, S.A., Van Cleef & Arpels, Inc. and Van Cleef & Arpels Distribution, Inc. herein are as a practical matter identical, and they are hereinafter referred collectively and interchangeably as "Plaintiffs" or "VCA."

4.      Upon information and belief, defendant JJ Gold International, Inc. doing business as Lauren G. Adams ("JJ Gold") is a corporation organized under the laws of the State of Florida, having an office and place of business at 3700 N. 29 Ave., 102, Hollywood, Florida 33020. Upon further information and belief, defendant JJ Gold is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5.      Upon information and belief, defendant The Yellow Door is a corporation organized under the laws of the State of New York, having an office and place of business at Four Prince Street, New York, New York 10012. Upon further information and belief, defendant The Yellow Door is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

6.      Upon information and belief, defendant R&R Replicas is a corporation organized under the laws of the State of New York, having an office and place of business at 190 Wheatley Plaza, Greenvale, New York 11548. Upon further information and belief, defendant R&R

2

Replicas is transacting and doing business in this State and is subject to the personal jurisdiction of this Court.

7       Upon information and belief, defendants John Does 1-10 are individuals who are officers or other managing agents of one or more of the corporate defendants named above and are conscious dominant and active forces behind the wrongful acts of such corporate defendants and complained of herein, which wrongful acts they have engaged in for the benefit of their respective companies and for their own individual gain and benefit. Defendants John Does 1-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8.      Upon information and belief, defendants John Does 11-20 are jewelers or other suppliers of jewelry, other materials and/or services, including, without limitation, necklaces, who supplied such goods and/or services to the other defendants herein, knowing that they would be used to create infringing products, as set forth more fully below. Defendants John Does 11-20 are accordingly liable for copyright and/or contributory or inducement of copyright infringement and/or trade dress infringement. Defendants John Does 11-20 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

9.      All defendants are collectively referenced herein as "Defendants."


**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over the claims in this action arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

3

11.     This Court has subject matter jurisdiction over the claims in this action arising under state law pursuant to 28 U.S.C. §§ 1367 and 1338.

12.     This Court has subject matter jurisdiction over the claims in this action arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## The Van Cleef & Arpels Brand and Business

14.     The Van Cleef & Arpels business has its origins in 1898, when Alfred Van Cleef married Estelle Arpels, and proceeded to open a jewelry business with her brothers at 22 Place Vendome in Paris. Plaintiffs and their affiliates and predecessors in interest are famous for the production of fine luxury watches and jewelry, innovation in watch and jewelry styles and designs, and introduction of new and important jewelry technologies, including the introduction of a patented invisible-setting technique in the 1930s. For many years, and long since before the acts of the Defendants complained of herein, VCA has been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches and jewelry, rings and related goods (the "VCA Products").

## The Alhambra Jewelry Design

15.     VCA is the owner of all rights, including the copyright, in the Alhambra Jewelry Design (hereinafter the "ALHAMBRA JEWELRY DESIGN"). That design appears thus:

4



16.    The ALHAMBRA JEWELRY DESIGN is an original and creative work of VCA and its team of designers, and such design is validly protected by copyright. VCA is the owner of all rights in such design.

17.    VCA owns Copyright Registration No. GP 101,958 for the ALHAMBRA JEWELRY DESIGN, which was first received by the Copyright Office on January 7, 1976. A copy of this registration is attached hereto and identified as Complaint Exhibit 1 (the "ALHAMBRA JEWELRY DESIGN Registration")

18.    On December 13, 2006 VCA recorded a document entitled Statement Regarding Copyright Registration. Previous thereto VCA had filed a request for supplemental registration in order to correct two technical errors in Copyright Registration No. GP 101,958 -- the date of first publication and the location of first publication -- but was advised that because of the date of the request, a supplemental registration could not issue and instead it was proper to record the information with the Copyright Office. A copy of the December 13, 2006 request is attached hereto and identified as Complaint Exhibit 2.

5

**The ALHAMBRA Trade Dress**

19.     VCA's Alhambra Jewelry features a distinctive and unique combination of elements that collectively create a particular trade dress (the "ALHAMBRA Trade Dress"). The ALHAMBRA Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the ALHAMBRA Trade Dress:

> (a) Clover-shaped jewelry;
>
> (b) Having a flat shape;
>
> (c) Inlaid with translucent or colored material, such as Mother-of-Pearl;
>
> (d) A beaded metal frame around the clover shape; and
>
> (e) Having slightly larger beads at the four indented corners of the clover shape.

20.     The collocation of features set forth in the above paragraph herein constitute a distinctive trade dress that has secondary meaning. This design has been extensively promoted by VCA in the United States and has achieved significant sales success. The pubic has come to recognize this design as distinctive of this line of VCA jewelry and as an indication of source of such jewelry. The ALHAMBRA Trade Dress is thus a means by which VCA is known to the public and the trade as the sole source and origin of Alhambra jewelry.

21.     The ALHAMBRA Trade Dress is in no way functional.

6

**Defendants' Infringing Activities**

22      On information and belief, Defendants have manufactured, sold, offered for sale and/or distributed copies of the ALHAMBRA JEWELRY DESIGN and products embodying the ALHAMBRA Trade Dress.

23.     No Defendant in this action has sought or received a license or authorization from the Plaintiffs for any purpose whatsoever, including for the acts described herein.

COUNT I

**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)**

24      VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count I against all Defendants.

25.     Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

26      Defendants' adoption and use of the ALHAMBRA Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

27.     The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated therewith.

7

28.     Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount to thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

29.     Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT II

### COMMON LAW TRADE DRESS
### INFRINGEMENT AND UNFAIR COMPETITION

30.     VCA repeats and incorporates herein by reference each of the foregoing allegations and asserts Count II against all Defendants.

31.     Defendants have reproduced, copied and imitated the ALHAMBRA Trade Dress in designing certain of their jewelry in a manner that is confusingly similar to the distinctive trade dress of VCA.

32.     Defendants' actions constitute common law trade dress infringement and unfair competition.

33.     The actions and conduct of Defendants complained of herein have damaged VCA and will, unless restrained, further impair, if not destroy, the value of the ALHAMBRA Trade Dress and the goodwill associated with them.

34.     Defendants' trade dress infringement has caused VCA to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

8

35.     Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause VCA to sustain irreparable damage, loss and injury, for which VCA has no adequate remedy at law.

## COUNT III

### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501

36.     VCA repeats and reincorporates herein by reference each of the foregoing allegations and asserts Count III against Defendants.

37.     Defendants have infringed upon VCA's copyright in the ALHAMBRA JEWELRY DESIGN, by reproducing such design without authorization and distributing copies thereof by sale and other means, and/or contributing to or inducing the reproduction and distribution of said design.

38.     VCA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE,** Plaintiffs demand:

1.     That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained from further copying or otherwise infringing upon Plaintiffs' copyright identified herein.

2     That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession that infringe upon the copyright identified herein.

9

3. That Defendants be required, pursuant to 17 U.S.C. § 504, to account to Plaintiffs for any and all profits derived by them, and for all damages sustained by Plaintiffs by reason of said Defendants' actions complained of herein, and/or statutory damages, which Plaintiffs may at a later time elect to recover.

4. That pursuant to 17 U.S.C. § 505, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

5. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

      (a) From using in any manner the ALHAMBRA Trade Dress, alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by VCA, or not authorized by VCA to be sold in connection with their respective said marks;

      (b) From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by VCA;

      (c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiffs that are not in fact genuine VCA goods, or not produced under the control and supervision of VCA and approved by VCA and

      (d) From otherwise competing unfairly with Plaintiffs in any manner.

10

6.    That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

7.    That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the ALHAMBRA Trade Dress, whether alone or in combination with any words or designs.

8.    That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

9.    That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

10.    That Plaintiffs be awarded punitive damages.

11.    That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

12.    That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from Defendants, Plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

11

13. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: February 27 2007

By: _____
Milton Springut, Esq.
Tal S. Benschar, Esq.
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Van Cleef & Arpels Logistics, S.A.; Van
Cleef & Arpels, Inc. and Van Cleef &
Arpels Distribution, Inc.

12

Exhibit 1

Page 1

# Application
## for Registration of a Claim to Copyright
### in a work of art or a model
### or design for a work of art

| | REGISTRATION NO | CLASS |
|---|---|---|
| | **GP 101958** | **G** |
| | DO NOT WRITE HERE | |
| | GF GFO (GP) GU | |

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20559 together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited. If initials are used in the notice, the name should be the same as appears elsewhere on the copies

Name  VCA - Alternative designation for Van Cleef & Arpels, Inc.

Address  744 Fifth Avenue, New York, N.Y.  10019

Name

Address

**2. Title:** "Alhambra" NECKLACE # 4V258 - Gold & Semi-precious Stones
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:**  Artistic Jewelry
(Characterize the general type of artistic work involved, as, for example, painting, drawing, sculpture, etc.)

➤➤ **NOTE:** Leave line 4 blank unless the work has been PUBLISHED and photographs deposited in lieu of copies. ◄◄

**4. Optional Deposit:** (See information on page 4)

Basis for claiming option (Check and fill in ONE of the following):

☒ Monetary value (retail value per copy) ~ abt. $1,500 ~
☒ Size (give dimensions) 33 ins. long   ☐ Weight (in pounds)
  ☐ Fragility (give details)

**5. Author (i.e., Artist):** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name  Van Cleef & Arpels, Inc.         Citizenship  USA
(Give legal name followed by pseudonym if latter appears on the copies)   (Name of country)

Domiciled in U.S.A. Yes  X  No  Address  744 Fifth Avenue, N.Y., N.Y.  10019

➤➤ **NOTE:** Leave all spaces of line 6 blank unless your work has been PUBLISHED. ◄◄

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or

printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

10/31/68
(Month)   (Day)   (Year)

**(b) Place of Publication:** Give the name of the country in which this particular work was first published.

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture

USA

➤➤ **NOTE:** Leave all spaces of line 7 blank unless the instructions below apply to your work. ◄◄

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S Copyright Office in unpublished form, or

if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes _____ No _____ Date of registration _____ Registration number _____

Was work previously published? Yes _____ No _____ Date of publication _____ Registration number _____

Is there any substantial NEW MATTER in this version? Yes _____ No _____ If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional artistic or graphic material.)

| | EXAMINER |
|---|---|
| | BBV |

*Complete all applicable spaces on next page*

8. If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account: ......................

9. Name and address of person or organization to whom correspondence concerning, if any, should be sent:

Name ............ E. Gurin .............................. Address 744 Fifth Avenue, New York, N.Y. 10:

10. Send certificate to:

(Type or
print
name and
address)

Name ............ Evelyne Gurin ............................

Address ............ 744 Fifth Avenue ............................
(Number and street)

............ New York, N.Y. 10019 ............................
(City)                (State)              (ZIP code)

11. Certification:

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

............ Evelyne Gurin ............................
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request:

Class A   Form A—Published book manufactured in the United States of America.
Class A {  Form A-B Foreign—Book or periodical manufactured outside the United States of America (except works subject to
or B {    the ad interim provisions of the copyright law).
          Form A-B Ad Interim—Book or periodical in the English language manufactured and first published outside the
          United States of America.
Class B   Form B—Periodical manufactured in the United States of America.
          Form BB—Contribution to a periodical manufactured in the United States of America.
Class C   Form C—Lecture or similar production prepared for oral delivery.
Class D   Form D—Dramatic or dramatico-musical composition.
Class E {  Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which
          was first published in the United States of America.
          Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of
          America and which was not first published in the United States of America.
Class F   Form F—Map.
Class G   Form G—Work of art or a model or design for a work of art.
Class H   Form H—Reproduction of a work of art.
Class I   Form I—Drawing or plastic work of a scientific or technical character.
Class J   Form J—Photograph.
Class K {  Form K—Print or pictorial illustration.
          Form KK—Print or label used for an article of merchandise.
Class L {  Form L-M—Motion picture.
or M
Class N   Form N—Sound recording.
    •     Form R—Renewal copyright.
    •     Form U—Notice of use of musical composition on mechanical instruments.

| Application received | FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|---|
| JAN 07 1976 | Two copies received | | Photographs or reproductions received |
| One copy or reproduction received | | | OCT 1 1975 |
| Fee received | | | |
| 6.54 C 1   OCT 1 1975 | | | |
| Renewal | | | |

U.S. GOVERNMENT PRINTING OFFICE: 1974 O - 549-56×

Page 2



Exhibit 2



# Certificate of Recordation

---

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

---

DATE OF RECORDATION

13Dec06

| VOLUME | DOC. NO. |
|--------|----------|
| 3544   | 949      |
| VOLUME | DOC. NO. |

---

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

C 762   JAN UARY 2004 — 4 000

## Document Cover Sheet
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume __35X5__  Document __919__

Volume _____

Date of recordation  M  __DEC 13 2006__

Funds received _____

**RECEIVED**

**DEC 13 2006**

**DOCUMENT SECTION**

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: Please record the accompanying original document or properly certified copy thereof.

**1** First party name given in the document  _Van Cleef & Arpels, Inc._
(IMPORTANT: Please read instruction for this and other spaces)

**2** First title given in the document  _"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones_

**3** Total number of titles in the document  _One_

**4** Amount of fee calculated  _(As previously paid)_

**5** Fee enclosed
☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
*Apply fee from Control No. 11-300-4373(K)
Deposit account number _____

Deposit account name _____

**6** Completeness of document  ☒ Document is complete by its own terms   ☐ Document is not complete. Record "as is"

IMPORTANT NOTE: A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.

**7** Certification of Photocopied Document  Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature
NOTE: This space may not be used for documents that require an official certification

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on _n/28/06_

Signature  _Milton Springut_

Duly authorized agent of  _Van Cleef & Arpels, Inc._

**8** Return to:
Name _Milton Springut, Esq., Kalow & Springut LLP_
Number/street _488 Madison Avenue_  Apt/suite _1900_
City _New York_  State _NY_  Zip _10522_
Phone number _(212) 813-1600_  Fax number _(212) 813-9600_
Email _ms@creativity-law.com_

SEND TO: Library of Congress Copyright Office Documents Recordation Section, 101 Independence Avenue SE, Washington DC 20559-6000
INCLUDE ALL THESE TOGETHER: (1) two copies of this form; (2) payment from a deposit account or by check/money order payable to Register of Copyrights; and (3) your document.

# Ⓒ Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record

PRIVACY ACT ADVISORY STATEMENT (*Required by the Privacy Act of 1974 (P.L. 93-579)*): The authority for requesting this information is title 17 USC. sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group, the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted

*Space 6: Completeness of document* Check the appropriate box. Please read the "Important note" if checking "Record 'as is'" All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents* for more information

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

*V3544 D949*



135941 2

## STATEMENT REGARDING COPYRIGHT REGISTRATION

In the copyright registration for the "Alhambra" Necklace #4V258 – Gold &
Semi-Precious Stones, GP 101958, the following errors were made: (1) on line number
6(a), the date of publication was identified as "10/31/68" but should have been identified
as November 1970; and (2) on line number 6(b), the place of publication was identified
as "USA" but should have been identified as France. This document is submitted to
correct these errors. Attached as Exhibit A is a copy of a Form CA that is dated
November 28, 2006 and lists these two errors.

December 13, 2006

Scott D. Locke, Esq

Kalow & Springut LLP
488 Madison Avenue, 19th Floor
New York, NY 10022

Duly Authorized Representative and
Agent of Van Cleef & Arpels, Inc.

V3545 D949 Page 1

EXHIBIT A

V3545 D949 Page 2

FORM CA RECEIVED

NOV 0 6 2006    NOV 3 0 2006    FORM CA

FUNDS RECEIVED DATE

NOV 0 6 2006

EXAMINED BY

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION  ☐ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of: ☒ Part B or ☐ Part C

Line Number: 6(b)      Line Heading or Description: Place of Publication

Incorrect Information as It Appears in Basic Registration
USA

Corrected Information
France

Explanation of Correction
Investigation determined that the place of publication was not accurate.

V3545 D949   Page 3

Correspondence: Give name and address to which correspondence about this application should be sent

Milton Springut, Esq.
Kalow & Springut LLP
488 Madison Avenue, 19th Floor, New York, NY 10022

Phone ( 212 ) 813-1600     Fax ( 212 ) 813-9600     Email ms@creativity-law.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name

Account Number

Certification* I, the undersigned, hereby certify that I am the: (Check only one)
☐ author   ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of  Van Cleef & Arpels, Inc.
                                         Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  Milton Springut                          Date ▼ October 31, 2006

Handwritten signature (X) ▼  Milton Springut

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Milton Springut, Esq.

Number/Street/Apt ▼
Kalow & Springut LLP, 488 Madison Avenue, 19th Floor

City/State/ZIP ▼
New York, NY 10022

YOU MUST:
• Complete all necessary spaces
• Sign your application in Space F
SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA–Full  Rev. 07/2006  Print: 07/2006 — -,000  Printed on recycled paper





Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|----|----|----|----|----|----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

_____ _____ _____
Month      Day      Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of Work ▼

"Alhambra" NECKLACE #4V258 - Gold & Semi-Precious Stones

Registration Number of the Basic Registration ▼
GP 101958

Year of Basic Registration ▼
1975

Name(s) of Author(s) ▼
Van Cleef & Arpels, Inc.

Name(s) of Copyright Claimant(s) ▼
Van Cleef & Arpels, Inc.

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  6 (a)   Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

10/31/68

Corrected Information ▼

November 1970

Explanation of Correction ▼

Investigation determined that the date of publication was not accurate.

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____ Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶ • Complete all applicable spaces (0-G) on the reverse side of this page
• See detailed instructions.   • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of _____ pages

## ◗ **Document Cover Sheet**
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _____ Document _____

Volume _____ Document _____

Date of recordation  M _____ D _____ Y _____
[ASSIGNED BY THE COPYRIGHT OFFICE]

Funds received _____

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document   Van Cleef & Arpels, Inc.
[IMPORTANT: Please read instruction for this and other spaces]

**2** First title given in the document   "Alhambra" NECKLACE #4V258 – Gold & Semi-Precious Stones

**3** Total number of titles in the document   One

**4** Amount of fee calculated   (As previously paid)

**5** Fee enclosed   ☐ Check   ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account
✗ Apply fee from Control No. LL-300-4373(K)
Deposit account number _____
Deposit account name _____

**6** Completeness of document   ☒ Document is complete by its own terms.   ☐ Document is not complete. Record "as is."

IMPORTANT NOTE: *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment*

**7** Certification of Photocopied Document   Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature
NOTE: *This space may not be used for documents that require an official certification*

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document. Executed on   11/28/06
DATE

Signature _Milton Springut_

Duly authorized agent of   Van Cleef & Arpels, Inc.

**8** Return to:   Name   Milton Springut, Esq., Kalow & Springut LLP

Number/street   488 Madison Avenue   Apt/suite   1900

City   New York   State   NY   Zip   10522

Phone number   (212) 813-1600   Fax number   (212) 813-9600

Email   ms@creativity-law.com

SEND TO: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*
INCLUDE ALL THESE TOGETHER: (1) two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights*; and (3) your document

DCEL RECR DOCS SHEET  REV 07  2006   PRINT 07  2006 — 44,000   Printed on recycled paper   U.S. Government Printing Office 2006 ʃ 0 xxx  60,xxx

 # Document Cover Sheet · Basic Information

Read all of the instructions below before completing this form. Use of the Document Cover Sheet is optional but encouraged.

*When to use this form* Use the Document Cover Sheet when you are submitting a document for recordation in the U.S. Copyright Office.

*Mailing requirements* It is important to send the original cover sheet and one copy of the cover sheet for each document that is being submitted for recordation. The two copies of the Document Cover Sheet, the document, and the fee must be sent together in the same envelope or package. The Copyright Office cannot process them unless they are received together. Send to: *Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000*

Cover sheets should be typed or printed and should contain the information requested so that the Copyright Office can process the document and return it. Be sure to complete space 8 so that the recorded document can be returned. The Copyright Office will process the document based on the information in the document or on an attachment that is part of the document. Information for indexing will not be taken from the Document Cover Sheet or attachments that were not part of the document when it was executed (signed). To be recorded, the document must satisfy the recordation requirements of the copyright law and Copyright Office regulations.

The person submitting a document with a cover sheet is solely responsible for verifying the correctness of the cover sheet and the sufficiency of the document. Recording a document submitted with or without a cover sheet does not constitute a determination by the Copyright Office of the document's validity or effect. Only a court may make such a determination.

When a Document Cover Sheet is submitted, it will be imaged with the document as part of the public record.

PRIVACY ACT ADVISORY STATEMENT (*Required by the Privacy Act of 1974 (P.L. 93-579)*): The authority for requesting this information is title 17 USC sec. 205. Furnishing the requested information is voluntary. But if the information is not provided, it may be necessary to delay recordation.

The principal uses of the requested information are the establishment and maintenance of a public record and the evaluation for compliance with the recordation requirements of section 205 of the copyright code. Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright recordations, and preparation of search reports upon request.

NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this cover sheet.

## Space-by-Space Instructions

*Space 1: First party given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 2: First title given in the document* This information is only used to connect the Document Cover Sheet and the document if they become separated. No information is entered in the catalog record from this space.

*Space 3: Total number of titles in the document* The total number of titles (including a.k.a. and other variant titles of a work) determines the recordation fee. In the case of multiple title documents, titles that are repeated in documents are counted as a single title, except where the document lists different issues, volumes, episode numbers, etc. following each title. Each such entry is regarded as a separate title and will be indexed separately and counted separately when computing the fee for recording the document. The Copyright Office verifies title counts.

*Space 4: Amount of fee calculated* There is a basic fee for recording a document containing one title. There is an additional charge for each group of up to 10 additional titles. "Alternative" titles, "formerly-known-as" titles, and "also-known-as" titles are considered to be extra titles. Titles are counted by groups. If there are fewer than 10 titles in a group the fee for a group still applies. Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000. Please remember that the fee is based on the number of titles in a document, not the number of works.

*Space 5: Fee enclosed* Check the appropriate box. If a Copyright Office deposit account is to be charged, give the Copyright Office

deposit account number and name. The Office only accepts domestic money orders and checks payable through a U.S. bank with American Bankers Association routing numbers. International and postal money orders are not accepted.

*Space 6: Completeness of document* Check the appropriate box. Please read the "important note" if checking "Record 'as is'." All documents recorded under §205 of the Copyright Act must be complete by their own terms to be recorded. Notices of termination recorded under §203, §304(c), and §304(d) must be complete and exact duplicates of the notices as served. Please refer to Copyright Office regulations in Chapter 37 CFR §201.4 and §201.10 and Circular 12, *Recordation of Transfers and Other Documents*, for more information.

*Space 7: Certification of photocopied documents* Complete this section only if submitting a photocopied document in lieu of a document bearing the actual original signature. If a photocopy of the original signed document is submitted, it must be accompanied by a sworn certification. A sworn certification signed by at least one of the parties to the document or that party's authorized representative (who is identified as such at space 7) will satisfy that requirement. The date entered in the date field should be the date you sign the Document Cover Sheet. Copies of documents on file in a federal, state, or local government office must be accompanied by an original official certification.

*Space 8: Return to* Give the name and address of the person to whom the recorded document should be returned. The Copyright Office does not maintain paper files of recorded documents. The documents are imaged and returned to the person or firm designated in this space. Please include telephone number, fax number, and email address in case we need to contact you.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : : : | Civil Case No. 07-1290(JLL) |
| | : | |
| Plaintiff, | : : | |
| | : | CERTIFICATION OF SERVICE |
| v. | : : | |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : : : | |
| Defendant. | : | |

STEVEN PONTELL, of full age, upon his oath hereby certifies and says:

1. I am an attorney licensed to practice in the State of New Jersey and a member of the firm of Verde, Steinberg & Pontell, LLC, counsel for Goldstein Jewelers, in the above-captioned matter.

2.      I hereby certify that on July 2, 2007, I caused a true and correct copy of the within Defendant's Reply Memorandum of Law in Support of Motion to Dismiss Based upon *Forum Non Conveniens* or to Transfer or Stay the Case, to be sent for filing to the Clerk of the United States District Court for the District of New Jersey via electronic filing to the CM/ECF system, which will send notification of such filing to all counsel on the attached service list.

I hereby certify that the foregoing statements made by me are true. I am also aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: July 2, 2007

/s/ Steven Pontell
Steven Pontell (SP3845)

## SERVICE LIST

Tal S. Benschar
Kalow & Springut, LLP
488 Madison Avenue
New York, New York 10022
Attorneys for Plaintiffs

## VERDE, STEINBERG & PONTELL, LLC
### ATTORNEYS AT LAW
ONE PARKER PLAZA
FORT LEE, NEW JERSEY 07024-2937
(201) 944-4200
TELECOPIER (201) 944-4562

DIRECT E-MAIL:

MERRICK D. STEINBERG*
LOUIS J. VERDE⁺
STEVEN PONTELL**
SIOBHAN McGOWAN ±±

MARTINE PIERRE-PAUL

* MEMBER OF N.J., N.Y. & CAL. BARS
** MEMBER OF N.J. & N.Y. BARS
⁺ MEMBER OF N.J., N.Y. & D.C. BARS
±± MEMBER N.J. & PA. BARS

** CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A CIVIL TRIAL ATTORNEY

NEW YORK OFFICE
276 FIFTH AVENUE
SUITE 405
NEW YORK, NEW YORK 10001
(212) 996-0630

July 2, 2007

*VIA ELECTRONIC MAIL*
Clerk, United States District Court
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re: *Van Cleef & Arpels Logistics, S.A. et als. v. Goldstein Jewelers, et als.*
> *Civil Case No. 07-CV-1290(JLL)*

Dear Sir/Madam:

Enclosed for filing in the above matter please find Defendant's Reply Memorandum of Law in Support of Motion to Dismiss Based upon *Forum Non Conveniens* or to Transfer or Stay the Case and Certification of Service.

Thank you.

Very truly yours,

s/ Steven Pontell

Steven Pontell

SP:sh
Encs.
Courtesy copy to Honorable Jose L. Linares via first class mail to Clerk's Office

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

**Chambers of**
## Claire C. Cecchi
**United States Magistrate Judge**

</td>
<td>

**Martin Luther King Jr, Federal Bldg.**
**& U.S. Courthouse**
**50 Walnut Street, Room 2064**
**Newark, NJ 07102**
**(973) 645-6664**

</td>
</tr>
</table>

July 26, 2007

To: All counsel of record

## <u>LETTER ORDER PURSUANT TO RULE 16.1</u>

RE:    **Van Cleef & Arpels Logistics, S.A., et al v. Goldstein Jewelers, et al**
        **Civil Action No. 07-1290 (JLL)**

Dear Counsel:

An initial scheduling conference by telephone shall be conducted before the Undersigned at **11:00 a.m.** on **November 27, 2007**. Plaintiff's counsel is to initiate telephone conference.

Counsel are advised that the early disclosure requirements of <u>Fed. R. Civ. P.</u> 26 will be enforced. Therefore, counsel shall immediately exchange the following information without a formal discovery request:

-         identities of individuals likely to have knowledge of discoverable facts;

-         documents and things in the possession of counsel or the party;

-         identities of experts and their opinions;

-         insurance agreements in force; and

-         statement of the basis for any damages claimed.

At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to <u>Fed. R. Civ. P.</u> 26(f), and **shall submit a discovery plan to the Undersigned not later than 72 hours prior to the conference with the Court**. The discovery plan shall include (1) a brief summary of the claims and defenses; and (2) a proposed schedule for completing fact and expert discovery. The discovery plan may include a summary of the status of settlement negotiations. (THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.)

At the conference, the Court will address scheduling of all motions. <u>No motions shall be filed without prior leave of Court.</u> If any motions have already been filed, please advise the Court immediately, in writing, regarding the nature of the motion and its present status. You may submit unopposed applications for *pro hac vice* admission with my Chambers. Please obtain consent of your adversary prior to filing your application, advising both in your cover letter and proposed Order that you have consent.

The parties shall immediately serve interrogatories, limited to twenty-five (25) single questions, and requests for production of documents (no limit).

At the conference, all parties who are not appearing <u>pro se</u> must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters. <u>Counsel shall also be prepared to discuss the merits of the case and have settlement authority.</u> Clients or persons with authority over the matter shall be available by telephone. See <u>L.Civ.R.</u> 16.1(a).

Counsel for plaintiff(s) shall notify any party, who hereafter enters an appearance, of the above conference, and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

Failure to comply with the terms herein may result in the imposition of sanctions.

**SO ORDERED this  26th day of July, 2007.**


  s/ Claire C. Cecchi
CLAIRE C. CECCHI
United States Magistrate Judge


Orig:   Clerk
cc:     Counsel of Record
        File

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | Civil Action No. |
| Plaintiff(s), | : | Hon. |
| v. | : | JOINT DISCOVERY PLAN |
| | : | |
| Defendant(s). | : | |

1.  Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.

2.  Have settlement discussions taken place?  Yes _____ No _____

    If so, when? _____

    (a)  What was plaintiff's last demand?

        (1)  Monetary demand: $ _____
        (2)  Non-monetary demand: _____

    (b)  What was defendant's last offer?

        (1)  Monetary offer:  $ _____
        (2)  Non-monetary offer: _____

3.  The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

4.  Describe any discovery conducted other than the above disclosures.

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6.  The parties proposed the following:

    (a)  Discovery is needed on the following subjects:

    (b)  Should discovery be conducted in phases?  If so, explain.

    (c)   Number of  Interrogatories by each party to each other party: _____

(d)    Number of Depositions to be taken by each party: _____

(e)    Plaintiff's expert report due on _____.

(f)    Defendant's expert report due on _____.

(g)    Motions to Amend or to Add Parties to be filed by _____.

(h)    Dispositive motions to be served within _____days of completion of discovery.

(i)    Factual discovery to be completed by _____.

(j)    Expert discovery to be completed by _____.

(k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

(l)    A pretrial conference may take place on _____.

(m)   Trial by jury or non-jury Trial?

(n)    Trial date: _____.

7.    Do you anticipate any discovery problem(s)?  Yes _____ No _____
If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?  Yes _____ No _____
If so, explain.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise),  appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10.   Is this case appropriate for bifurcation? Yes _____ No _____

11.   We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)



**United States District Court for the District of New Jersey**

**NOTICE**
**November 2004**

Dear Bar Member:

The United States District Court for the District of New Jersey implemented electronic case filing on January 5, 2004. The Case Management/Electronic Case Filing (CM/ECF) system is browser-based and accessible over the Internet. We are excited about the benefits this technology offers to the court and the bar, especially being able to file and view documents 24 hours a day from the convenience of your office or home.

Training is essential to utilize the full capabilities of this system. Attorneys are encouraged to participate in training and register to become e-filers. For your convenience, we are providing three methods of ECF training. Hands-on training classes are offered at each of our three courthouses. You can register for these classes on our web site at **pacer.njd.uscourts.gov**. There is a self-paced ECF tutorial that is accessible from our web site as well. We also offer on-site training that can be arranged at your firm depending on the number of attendees and the availability of suitable facilities by calling (973)-645-4439.

ECF registration forms can be obtained from any of our three offices or completed electronically on our website. It is strongly suggested that you familiarize yourself with the Policies and Procedures that govern the use of this System. The Electronic Case Filing Policies and Procedures are available on our web site, along with our ECF User's Guide and other useful information.

In addition to ECF access, it is recommended that a PACER (Public Access to Electronic Records) account is obtained. A PACER account will provide Filing Users with querying capabilities. PACER is a fee-for-use service offered by the Administrative Office of the United States Courts. Contact the PACER Service Center at (800)676-6856 or on-line at http://pacer.psc.uscourts.gov.

***Please be advised that documents not filed electronically but filed in the traditional manner on paper must be accompanied by a floppy diskette or a CD containing the document(s) in PDF format. Each PDF document must not exceed 2MB or 2048KB. If the paper document contains an original signature, then the electronic version contained on the diskette or CD must include a signature line with "s/" (e.g., s/Jennifer Doe).***

The real success of this system is a function of the number of lawyers who become registered e-filing users. Upon receipt of your ECF login and password, the court expects you to file electronically. Please take advantage of the CM/ECF training opportunities and become a registered e-filer before e-filing becomes mandatory. Beginning **January 31, 2005**, electronic case filing will be mandatory for all civil and criminal cases other than pro se cases.

Sincerely,

William T. Walsh
Clerk

**ALTERNATIVE DISPUTE RESOLUTION
IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that <u>must</u> be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an <u>ex parte</u> basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site "pacer.njd.uscourts.gov" and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**

VERDE, STEINBERG & PONTELL, LLC

ATTORNEYS AT LAW
ONE PARKER PLAZA
FORT LEE, NEW JERSEY 07024-2937
(201) 944-4200
TELECOPIER (201) 944-4562

MERRICK D. STEINBERG*
LOUIS J. VERDE*
STEVEN PONTELL**
SIOBHAN McGOWAN**

MARTINE PIERRE-PAUL

* MEMBER OF N.J., N.Y. & CAL. BARS
** MEMBER OF N.J. & N.Y. BARS
+ MEMBER OF N.J., N.Y. & D.C. BARS
** MEMBER N.J. & PA. BARS

** CERTIFIED BY THE SUPREME COURT OF
    NEW JERSEY AS A CIVIL TRIAL ATTORNEY

NEW YORK OFFICE
276 FIFTH AVENUE
SUITE 405
NEW YORK, NEW YORK 10001
(212) 996-0630

DIRECT E-MAIL:

August 6, 2007

_VIA ELECTRONIC MAIL_
Honorable U.S. Magistrate Judge Claire C. Cecchi
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Room 2064
Newark, New Jersey 07102

> Re:  _Van Cleef & Arpels Logistics, S.A. et als. v. Goldstein Jewelers, et als._
>      _Civil Case No. 07-CV-1290(JLL)_

Dear Judge Cecchi:

Please be advised that we have been retained as local counsel for the defendant, Goldstein Jewelers, in the above-referenced matter.  In that capacity, we are in receipt of the Court's Letter Order Pursuant to Rule 16.1 scheduling this matter for a conference on November 27, 2007 at 11:00 a.m.  Pursuant to said Order, please be advised that defendant filed and has pending a Notice of Motion to dismiss based upon _forum non conveniens_ or to transfer or stay the case.  Said Notice of Motion was fully briefed and made returnable June 25, 2007.  We have not received a decision on this motion, nor have we been advised that the Court requires oral argument.

Please advise as to how we should continue in this matter.

Respectfully submitted,

s/ Steven Pontell

Steven Pontell

SP:sh
cc:  Milton Springut, Esq. via electronic filing
     Feldman Law Group
\\VSPSERVER\Files\wpdocs\LITIGATI\Goldstein Jewelers\Cecchi7-27-07.wpd

# Verde, Steinberg & Pontell, LLC

### Attorneys at Law

One Parker Plaza
400 Kelby Street
Fort Lee, New Jersey 07024-2937
(201) 944-4200
Telecopier (201) 944-4562

Direct E-Mail:

Merrick D. Steinberg*
Louis J. Verde⁺
Steven Pontell**
Siobhan McGowan ‡‡

Martine Pierre-Paul

* Member of N.J., N.Y. & Cal. Bars
⁺ Member of N.J. & N.Y. Bars
** Member of N.J., N.Y. & D.C. Bars
‡‡ Member N.J. & Pa. Bars

** Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

New York Office
276 Fifth Avenue
Suite 405
New York, New York 10001
(212) 996-0630

September 24, 2007

***VIA ELECTRONIC MAIL***
The Hon. Claire C. Cecchi
United States Magistrate Judge
M.L. King Jr., Federal Bldg. & Courthouse
50 Walnut St., Room 2064
Newark, NJ 07102

> Re:  *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers, et al.*,
>        07-1290 (JLL) (CCC)

Dear Judge Cecchi:

Verde Steinberg & Pontell, LLC as local counsel and Feldman Law Group, P.C. as lead counsel jointly write in reply to Plaintiff's letter of September 21, 2007.

Defendant wrote to Plaintiff on September 10, 2007 stating our position that Discovery Responses were premature because there has not yet been an initial conference. *See* Attached Letter. Without calling Defendant or discussing the issue Defendant raised in its September 10 letter, Plaintiff wrote its letter to the Court.

Discovery is premature because Defendant has not yet filed its Answer due to its pending Motion to Stay or Transfer the Case to combine this case with three identical cases pending before Judge Scheindlin in the Southern District of New York. In the related New York actions, Defendants have just filed a letter requesting a pre-motion conference for Summary Judgment, which we believe will directly bear on this case.

Plaintiff appears to be attempting to circumvent Defendant's Transfer Motion and the related Summary Judgment Motion by accelerating Discovery outside the normal procedures.

Verde, Steinberg & Pontell, LLC

       Defendant respectfully requests permission to wait for a ruling on the Transfer Motion or at least until the Initial Conference before it begins Discovery.

                              Respectfully submitted,
                              s/ Steven Pontell

                              Steven Pontell
                              Verde Pontell & Steinberg


                              /s Paul J. Burgo
                              Paul J. Burgo
                              Feldman Law Group, P.C.

cc:     Tal Benschar, Esq., via Electronic Filing

# FELDMAN LAW GROUP, P.C.

PATENT, COPYRIGHT AND TRADEMARK LAW
12 EAST 41st STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

September 10, 2007

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743

**VIA EMAIL ATTACHMENT**

Mr. Tal Benschar
Kalow & Springut LLP
488 Madison Avenue
New York, NY 10022

> **Re:** *Van Cleef & Arpels Logistics SA et al v. Goldstein Jewelers, et al*, 07-CV-1290 (JLL)

Dear Tal:

    I write in regard to the above-referenced case. We are under no obligation to respond to Plaintiff's Discovery Requests until after we have met with the Judge in the initial conference and agreed on parameters for discovery including limits and scheduling.

Very truly yours,

Paul J. Burgo

cc:    Steven Pontell

159347.1

Milton Springut
[admitted in New Jersey]
Tal S. Benschar
[admitted in New Jersey]
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A.,  :
VAN CLEEF & ARPELS, INC. and         :
VAN CLEEF & ARPELS DISTRIBUTION, INC., :    07-CV-1290 (JLL)
                                      :
         Plaintiffs,                  :
                                      :
v.                                    :
                                      :
GOLDSTEIN JEWELERS and                :
JOHN DOES 1-10;                       :
                                      :
         Defendant.                   :
-------------------------------------------------------------x

## NOTICE OF APPEARANCE

The law firm of Kalow & Springut LLP, through attorney Tal S. Benschar hereby appears

in this action for Plaintiffs Van Cleef & Arpels Logistics S.A., Van Cleef & Arpels, Inc. and Van

Cleef & Arpels Distribution, Inc.

The Clerk and all counsel are hereby requested to send to such counsel all notices,

including electronic notices and other documents, concerning the above-captioned action.

Respectfully submitted,

KALOW & SPRINGUT LLP

By:_____

Tal S. Benschar, Esq.

Dated: October 10, 2007
New York, New York

# KALOW & SPRINGUT LLP

ATTORNEYS AT LAW

488 MADISON AVENUE • NEW YORK, NY 10022
212 813-1600 • FAX 212 813-9600 • INFO@CREATIVITY-LAW.COM

**Tal S. Benschar**
tbenschar@creativity-law.com

**VIA FEDERAL EXPRESS**
September 21, 2007

Honorable Claire C. Cecchi
United States Magistrate Judge
Martin Luther King, Jr. Federal Building
Untied States Courthouse
50 Walnut Street, Room 2064
Newark, NJ 07102

      Re:   *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers*
              *Civil Action No. 07-CV-1290 (JLL) (CCC)*

Dear Judge Cecchi:

We represent Plaintiffs in the above action. In accordance with Local Civil Rule 37.1(a)(1), we write with respect to the following discovery disputes.

On August 1, 2007, we served Plaintiffs' First Set of Document Requests and Interrogatories upon Defendants' counsel. Responses were due in early September. Counsel for Defendants called in late August and requested a one-week extension, which we granted. However, since then no responses have been forthcoming. We called this default to the attention of Defendants' counsel by letter, but still no response has been forthcoming.

In addition, Defendants have failed to make initial disclosures as required by both Fed.R.Civ.P. 26 and the Court's Scheduling Order of July 26, 2007.

Accordingly, we request the Court order that within five (5) business days, Defendants are to serve initial disclosures and responses to interrogatories and document requests.

Respectfully submitted,

KALOW & SPRINGUT LLP

Tal S. Benschar

cc:    Steven Pontell, Esq. (via facsimile)
       Kenneth S. Feldman, Esq. and Paul J. Burgo, Esq. (via facsimile)

158362.1

| | | |
|---|---|---|
| _____ | : | |
| **VAN CLEEF & ARPELS LOGISTICS,** | : | **UNITED STATES DISTRICT COURT** |
| **S.A. et al** | : | |
| | : | **DISTRICT OF NEW JERSEY** |
| **Plaintiff(s)** | : | |
| | : | |
| | : | **Hon. Jose L. Linares** |
| **-vs-** | : | **Civil Action No. 07-1290 (JLL) (CCC)** |
| | : | |
| **GOLDSTEIN JEWELERS, et al** | : | |
| | : | **ORDER ON ORAL MOTION** |
| | : | **SCHEDULING CONFERENCE** |
| **Defendant(s)** | : | |
| | : | |
| _____ | : | |

The above entitled case has been assigned to me for case management.

      **IT IS** on this 17th day of October, 2007

      **ORDERED THAT** there shall be oral argument on defendant's motion to dismiss on **November 2, 2007  at 11: a.m** before the Undersigned at the Martin Luther King Jr, Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Room 2064, Newark, New Jersey 07102

                       *s/ Claire C. Cecchi*
                       **HON. CLAIRE C. CECCHI**
                       **United States Magistrate Judge**

Clerk of the Court
File

October 24, 2007

<u>VIA ELECTRONIC MAIL</u>
Honorable U.S. Magistrate Judge Claire C. Cecchi
District of New Jersey
M.L. King Jr. Federal Building & Courthouse
50 Walnut Street
Room 2064
Newark, New Jersey 07102

> Re:   *Van Cleef & Arpels Logistics, S.A. et als. v. Goldstein Jewelers, et als.*
> *Civil Case No. 07-CV-1290(JLL)*

Dear Judge Cecchi:

Please be advised that we are local counsel for the defendant, Goldstein Jewelers, in the above-referenced matter. Enclosed for filing in the above matter are the following:

1. Certification of Steven Pontell in Support of Admission *Pro Hac Vice* Application of Paul J. Burgo, Esq.

2. Affidavit of Paul J. Burgo, Esq. in Support of Application for Admission *Pro Hac Vice;*

3. Certification of Steven Pontell in Support of Admission *Pro Hac Vice* Application of Kenneth S. Feldman, Esq.

4. Affidavit of Kenneth S. Feldman, Esq. in Support of Application for Admission *Pro Hac Vice;*

4. Two (2) proposed forms of Order for Pro Hac Vice Admission.

Clerk, United States District Court
October 24, 2007
Page 2

Please be advised that our adversary has consented to the Pro Hac Vice
Admission of Messrs. Feldman and Burgo in this matter.

Respectfully submitted,

s/ Steven Pontell

Steven Pontell

SP:sh
cc:    Milton Springut, Esq. via electronic filing
       Tal S. Benshar, Esq. via electronic filing
       Feldman Law Group
F:\wpdocs\LITIGATI\Goldstein Jewelers\Ceccki10-24-07.wpd

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GOLDSTEIN JEWELERS and JOHN DOES 1-10<br><br>Defendant. | : Civil Case No. 07-1290(JLL)<br>:<br>:<br>:<br>:<br>:<br>: CERTIFICATION OF STEVEN<br>: PONTELL IN SUPPORT OF NOTICE<br>: OF MOTION FOR ADMISSION PRO<br>: HAC VICE OF PAUL J. BURGO, ESQ.<br>:<br>:<br>: |

Steven Pontell, of full age, hereby certifies as follows:

1.    I am an attorney at law and a member of the firm of Verde, Steinberg & Pontell, LLC, counsel for defendant, Goldstein Jewelers, in the above-captioned matter. I submit this Certification in support of defendant's motion for the admission

*pro hac vice* of Paul J. Burgo Esq., who is a member of the law firm of Feldman Law Group, P.C.

2. Defendant seeks the admission of Mr. Burgo pursuant to Local Civil Rule 101.1(c) of the United States District Court for the District of New Jersey for purposes of appearance and participation in this action.

3. Mr. Burgo understands, as do I, that if he is admitted, it will remain the responsibility of Verde, Steinberg & Pontell, LLC, to review, sign, and file all pleadings, to accept service of all papers served, to remain responsible for the conduct of the case, and to be present in court during all stages of the proceedings, unless excused by the Court.

4. Payment, as required by New Jersey Court Rule 1:28-2(a), will be forwarded to the New Jersey State Court Lawyers' Fund for Client Protection on behalf of Mr. Burgo upon his admission *pro hac vice.*

5. Wherefore, it is respectfully requested that Mr. Burgo be admitted *pro hac vice* for purposes of this case.

I hereby certify that the foregoing statements made by me are true. I am also aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 24, 2007

S/ **Steven Pontell**
STEVEN PONTELL (3845)

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : Civil Case No. 07-1290(JLL) |
| Plaintiffs, | : |
| v. | : AFFIDAVIT OF PAUL J. BURGO |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : |
| Defendant. | : |

Paul J. Burgo of full age, upon his oath, deposes and says:

1.     I am an attorney licensed to practice law in the State
of New York and I am a member of the firm of Feldman Law Group,
P.C.

2.     I make this Affidavit in support of the motion of

defendant to permit me to appear *pro hac vice* as counsel for defendant at pretrial proceedings and at the trial of this action.

3.   I have been admitted and licensed to practice law in the State of New York where my bar number is PB-2706 since April 2007.  I am admitted to practice before the United States District Court for the District of Southern District of New York. I am not under suspension or disbarment in any court.

4.   I have studied and am familiar with the Local Rules of the United States District Court of the District of New Jersey.

5.   I am associated in this matter with Steven Pontell of the law firm of Verde, Steinberg & Pontell, LLC, who are attorneys of record for defendant and are authorized to practice in New Jersey, and are members of good standing of the bar of this Court.

6.   I understand that, upon admission *pro hac vice*, I will be within the disciplinary jurisdiction of this Court.

7.   I agree to notify the Court immediately of any matter affecting any standing at the bar of any other Court.

8.   For the foregoing reasons, it is respectfully requested

that the Court grant defendant's application to permit me to
appear *pro hac vice* in this matter.

Paul J. Burgo

Philip Y. Kouyoumdjian
Notary Public, State of New York
No. 02K06141283
Qualified in Kings County
Commission Expires February 21, 2010

STATE OF         )    NEW YORK
                 ) SS. 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
COUNTY OF        )    NEW YORK

On Oct 23, 2007      , Paul J. Burgo personally appeared
before me and executed the foregoing document.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Paul J. Burgo, Esq.
Kenneth Feldman, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : <br> : Civil Case No. 07-1290(JLL) <br> : |
| Plaintiffs, | : <br> : |
| v. | : CERTIFICATION OF STEVEN <br> : PONTELL IN SUPPORT OF NOTICE <br> : OF MOTION FOR ADMISSION PRO |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : HAC VICE OF KENNETH S. <br> : FELDMAN, ESQ. <br> : |
| Defendant. | |

Steven Pontell, of full age, hereby certifies as follows:

1. I am an attorney at law and a member of the firm of Verde, Steinberg & Pontell, LLC, counsel for defendant, Goldstein Jewelers, in the above-captioned matter. I submit this Certification in support of defendant's motion for the admission

*pro hac vice* of Kenneth S. Feldman Esq., who is a member of the law firm of Feldman Law Group, P.C.

2.  Defendant seeks the admission of Mr. Feldman pursuant to Local Civil Rule 101.1(c) of the United States District Court for the District of New Jersey for purposes of appearance and participation in this action.

3.  Mr. Feldman understands, as do I, that if he is admitted, it will remain the responsibility of Verde, Steinberg & Pontell, LLC, to review, sign, and file all pleadings, to accept service of all papers served, to remain responsible for the conduct of the case, and to be present in court during all stages of the proceedings, unless excused by the Court.

4.  Payment, as required by New Jersey Court Rule 1:28-2(a), will be forwarded to the New Jersey State Court Lawyers' Fund for Client Protection on behalf of Mr. Feldman upon his admission *pro hac vice.*

5.  Wherefore, it is respectfully requested that Mr. Feldman be admitted *pro hac vice* for purposes of this case.

I hereby certify that the foregoing statements made by me are true.  I am also aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  October 24, 2007

/s  Steven Pontell
STEVEN PONTELL (3845)

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Paul J. Burgo, Esq.
Kenneth Feldman, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : : : | Civil Case No. 07-1290(JLL) |
| Plaintiffs, | : : | |
| v. | : : | AFFIDAVIT OF KENNETH S. FELDMAN |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : : : | |
| Defendant. | : : | |

Kenneth S. Feldman of full age, upon his oath, deposes and says:

1.  I am an attorney licensed to practice law in the State of New York and I am a member of the firm of Feldman Law Group, P.C.

2.  I make this Affidavit in support of the motion of

defendant to permit me to appear *pro hac vice* as counsel for defendant at pretrial proceedings and at the trial of this action.

3.   I have been admitted and licensed to practice law in the State of New York where my bar number is KF-6003 since January 1987.  I am admitted to practice before the United States District Court for the District of Southern District of New York. I am not under suspension or disbarment in any court.

4.   I have studied and am familiar with the Local Rules of the United States District Court of the District of New Jersey.

5.   I am associated in this matter with Steven Pontell of the law firm of Verde, Steinberg & Pontell, LLC, who are attorneys of record for defendant and are authorized to practice in New Jersey, and are members of good standing of the bar of this Court.

6.   I understand that, upon admission *pro hac vice*, I will be within the disciplinary jurisdiction of this Court.

7.   I agree to notify the Court immediately of any matter affecting any standing at the bar of any other Court.

8.   For the foregoing reasons, it is respectfully requested

that the Court grant defendant's application to permit me to

appear *pro hac vice* in this matter.

_____
Kenneth S. Feldman


STATE OF          )    NEW YORK
                  )  ss. 140 586003
COUNTY OF         )    NEW YORK

Philip Y. Kouyoumdjian
Notary Public, State of New York
No. 02K06141283
Qualified in Kings County
Commission Expires February 21, 2010

    On October 23, 2007, Kenneth S. Feldman personally appeared
before me and executed the foregoing document.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Paul J. Burgo, Esq.
Kenneth Feldman, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : Civil Case No. 07-1290(JLL) |
| Plaintiffs, | : |
| v. | : ORDER FOR PRO HAC VICE<br>: ADMISSION OF KENNETH S.<br>: FELDMAN, ESQ. |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : |
| Defendant. | : |

THIS MATTER having come before the Court by Verde, Steinberg & Pontell, Esqs., LLC, attorneys for defendant, on notice to all counsel of record in the above-captioned matter, for an Order allowing Kenneth S. Feldman, Esq., who is a member of the law firm of Feldman Law Group, P.C. to appear and participate *pro hac*

*vice*, and the Court having considered the Affidavit of Kenneth S. Feldman and the Certification of Steven Pontell, Esq., in support of the application;

IT IS on this _____ day of _____, 2007;

ORDERED that Kenneth S. Feldman, Esq. be permitted to appear *pro hac vice* in the above-captioned matter pursuant to Local Civil Rule 101.1(c) and the individual practices of this Court; and it is

FURTHER ORDERED that all pleadings, briefs, and other papers filed with the Court shall continue to be signed by a member of the firm of Verde, Steinberg & Pontell, LLC, attorneys of record for defendant who shall be present in Court during all steps of this proceeding, unless expressly excused by the Court, and who will be held responsible for the conduct of the attorneys admitted hereby; and it is

FURTHER ORDERED that Verde, Steinberg & Pontell, LLC shall, within _____ days of the date of this Order, see to the payment of the annual fee required by the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a); and it is

FURTHER ORDERED that a copy of this Order shall be served on all parties within seven (7) days of receipt hereof by attorneys for defendant.

_____
U.S.M.J.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : : : Civil Case No. 07-1290(JLL) : : |
| Plaintiffs, | : : |
| v. | : ORDER FOR PRO HAC VICE : ADMISSION OF PAUL J. BURGO, : ESQ. |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : : : |
| Defendant. | : |

THIS MATTER having come before the Court by Verde, Steinberg & Pontell, Esqs., LLC, attorneys for defendant, on notice to all counsel of record in the above-captioned matter, for an Order allowing Paul J. Burgo, Esq., who is a member of the law firm of Feldman Law Group, P.C. to appear and participate *pro hac vice*,

and the Court having considered the Affidavit of Paul J. Burgo,
Esq. and the Certification of Steven Pontell, Esq., in support of
the application;

IT IS on this _____ day of _____, 2007;

ORDERED that Paul J. Burgo, Esq. be permitted to appear *pro
hac vice* in the above-captioned matter pursuant to Local Civil
Rule 101.1(c) and the individual practices of this Court; and it
is

FURTHER ORDERED that all pleadings, briefs, and other papers
filed with the Court shall continue to be signed by a member of
the firm of Verde, Steinberg & Pontell, LLC, attorneys of record
for defendant who shall be present in Court during all steps of
this proceeding, unless expressly excused by the Court, and who
will be held responsible for the conduct of the attorneys
admitted hereby; and it is

FURTHER ORDERED that Verde, Steinberg & Pontell, LLC shall,
within _____ days of the date of this Order, see to the payment
of the annual fee required by the New Jersey Lawyers' Fund for
Client Protection in accordance with New Jersey Court Rule 1:28-
2(a); and it is

FURTHER ORDERED that a copy of this Order shall be served on
all parties within seven (7) days of receipt hereof by attorneys
for defendant.

_____
U.S.M.J.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Paul J. Burgo, Esq.
Kenneth Feldman, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. | : <br> : Civil Case No. 07-1290(JLL) <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : ORDER FOR PRO HAC VICE <br> : ADMISSION OF KENNETH S. <br> : FELDMAN, ESQ. |
| GOLDSTEIN JEWELERS and JOHN DOES 1-10 | : <br> : |
| Defendant. | : <br> : |

THIS MATTER having come before the Court by Verde, Steinberg & Pontell, Esqs., LLC, attorneys for defendant, on notice to all counsel of record in the above-captioned matter, for an Order allowing Kenneth S. Feldman, Esq., who is a member of the law firm of Feldman Law Group, P.C. to appear and participate *pro hac*

*vice*, and the Court having considered the Affidavit of Kenneth S. Feldman and the Certification of Steven Pontell, Esq., in support of the application;

IT IS on this 25th day of October , 2007;

ORDERED that Kenneth S. Feldman, Esq. be permitted to appear *pro hac vice* in the above-captioned matter pursuant to Local Civil Rule 101.1(c) and the individual practices of this Court; and it is

FURTHER ORDERED that all pleadings, briefs, and other papers filed with the Court shall continue to be signed by a member of the firm of Verde, Steinberg & Pontell, LLC, attorneys of record for defendant who shall be present in Court during all steps of this proceeding, unless expressly excused by the Court, and who will be held responsible for the conduct of the attorneys admitted hereby; and it is

FURTHER ORDERED that ~~Verde, Steinberg & Pontell, LLC~~ Kenneth S. Feldman, Esq. shall, ~~within ____ days of the date of this Order, see to the~~ MAKE payment of the annual fee required by the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a); and it is

FURTHER ORDERED that a copy of this Order shall be served on all parties within seven (7) days of receipt hereof by attorneys for defendant; and it is

FURTHER ORDERED that Kenneth S. Feldman, Esq. Shall make payment of $150.00 to the Clerk of the Court.

s/Claire C. Cecchi

Claire C. Cecchi, U.S.M.J.

**VERDE, STEINBERG & PONTELL, LLC**
Steven Pontell, Esq. (SP3845)
One Parker Plaza
Fort Lee, NJ 07024
(201) 944-4200
Fax: (201) 944-4562

**FELDMAN LAW GROUP, P.C.**
Kenneth Feldman, Esq.
Paul Burgo, Esq.
12 East 41st Street
New York, New York 10017
(212) 532-8585
Fax: (212) 532-8598
Attorneys for Defendant, Goldstein Jewelers

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN CLEEF & ARPELS LOGISTICS, S.A., VAN CLEEF & ARPELS, INC. and VAN CLEEF & ARPELS DISTRIBUTIONS, INC. : Plaintiffs, v. GOLDSTEIN JEWELERS and JOHN DOES 1-10 Defendant. | Civil Case No. 07-1290(JLL) ORDER FOR PRO HAC VICE ADMISSION OF PAUL J. BURGO, ESQ. |

THIS MATTER having come before the Court by Verde, Steinberg & Pontell, Esqs., LLC, attorneys for defendant, on notice to all counsel of record in the above-captioned matter, for an Order allowing Paul J. Burgo, Esq., who is a member of the law firm of Feldman Law Group, P.C. to appear and participate *pro hac vice*,

and the Court having considered the Affidavit of Paul J. Burgo,

Esq. and the Certification of Steven Pontell, Esq., in support of

the application;

IT IS on this 25TH day of October, 2007;

ORDERED that Paul J. Burgo, Esq. be permitted to appear *pro*

*hac vice* in the above-captioned matter pursuant to Local Civil

Rule 101.1(c) and the individual practices of this Court; and it

is

FURTHER ORDERED that all pleadings, briefs, and other papers

filed with the Court shall continue to be signed by a member of

the firm of Verde, Steinberg & Pontell, LLC, attorneys of record

for defendant who shall be present in Court during all steps of

this proceeding, unless expressly excused by the Court, and who

will be held responsible for the conduct of the attorneys

admitted hereby; and it is

FURTHER ORDERED that ~~Verde, Steinberg & Pontell, LLC~~ Paul J. Burgo, Esq. shall,

~~within ____ days of the date of this Order, see to the~~ MAKE payment

of the annual fee required by the New Jersey Lawyers' Fund for

Client Protection in accordance with New Jersey Court Rule 1:28-

2(a); and it is

FURTHER ORDERED that a copy of this Order shall be served on

all parties within seven (7) days of receipt hereof by attorneys

for defendant; and it is

FURTHER ORDERED that Paul J. Burgo, Esq.

shall make payment of $150.00 to the Clerk

of the Court.

s/Claire C. Cecchi

Claire C. Cecchi, USMJ

October 29, 2007

**VIA ELECTRONIC FILING**
The Hon. Claire C. Cecchi
United States Magistrate Judge
M.L. King Jr., Federal Bldg. & Courthouse
50 Walnut St., Room 2064
Newark, NJ 07102

      **Re:**    *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers, et al.*
              *07-1290 (JLL) (CCC)*

Dear Judge Cecchi:

      We write with respect to the hearing on November 1, 2007, to transfer this case to the Southern District of New York. There was a hearing on October 24th on the issue of discovery and the institution of a motion for summary judgment by Defendants against Plaintiffs' claims. The Court, U.S. District Judge Shira Scheindlin, decided to permit discovery and the summary judgment motion. The Court has ordered the motion be fully briefed by December 5th.

      The issues on discovery and the claims on summary judgment will now be decided in the New York actions, and the present action will be substantially duplicative. We, therefore, respectfully request that the hearing be stayed until the completion of these issues in New York. At that point, the transfer motion may be moot.

                        Respectfully submitted,

                        /s Paul J. Burgo

                        Paul J. Burgo
                        Feldman Law Group, P.C.

PJB/tb
cc:    Tal Benschar, Esq., via Electronic Mail
       Steven Pontell

# KALOW & SPRINGUT LLP
## ATTORNEYS AT LAW

488 MADISON AVENUE • NEW YORK, NY 10022
212 813-1600 • FAX 212 813-9600 • INFO@CREATIVITY-LAW.COM

Tal S. Benschar
tbenschar@creativity-law.com

**VIA ELECTRONIC FILING**
October 30, 2007

Honorable Claire C. Cecchi
United States Magistrate Judge
Martin Luther King, Jr. Federal Building
Untied States Courthouse
50 Walnut Street, Room 2064
Newark, New Jersey 07102

      Re:    *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers*
               Civil Action No. 07-CV-1290 (JLL) (CCC)

Dear Judge Cecchi:

We represent Plaintiffs in the above action and write in response to Defendants' letter of October 29, 2007.

Plaintiffs oppose Defendants' application to put off the hearing date on their motion to transfer the case to New York to consolidate it with three other actions pending there (the "New York Actions"). This action was filed in June and since then Defendants have refused to engage in any discovery whatsoever. Further, there is an initial conference now set for November 27, 2007.

At the last phone conference, the Court set an early date on the motion to transfer so that it could be resolved promptly. We see no reason to deviate from that course.

While it is true that the judge in the New York Action set a briefing schedule on the Defendants' motion for summary judgment, she also declined to stay discovery pending that briefing, and indeed required the parties to complete depositions by the end of the year. There is no reason, therefore, that this case should be put on hold for yet another several months until the summary judgment motion in the New York Action is briefed and decided.

Finally, we note that the docket states that oral argument is now set for November 2, 2007, not November 1, 2007 as stated in Defendants' letter. If this is an error we request the Court to

KALOW & SPRINGUT LLP

clarify the matter among the parties.

Respectfully submitted,

KALOW & SPRINGUT LLP

Tal S. Benschar, Esq.
Counsel for Plaintiffs

cc:     All counsel (via electronic filing)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

VAN CLEEF & ARPELS LOGISTICS, S.A. :
ET AL.,                                            :
                                                   :
               Plaintiff(s),        :      Civil Action No.
                                                   :      07-1290 (JLL)
        v.                                       :
                                                   :      ORDER
                                                   :
GOLDSTEIN JEWELERS, ET AL.          :
                                                   :
               Defendant(s).        :
_____:


**THIS MATTER** having come before the Court by way of
Defendant's motion to dismiss based on forum non conveniens or to
transfer or stay the case [Docket Entry No. 3], and Plaintiffs
having opposed the motion, and the Court having considered all of
the papers filed by the parties; and


**WHEREAS** Paul J. Burgo, Esq., counsel for Defendant Goldstein
Jewelers submitted a letter to the Court on October 29, 2007
stating that briefing on Defendant's summary judgement motion in
a related action pending in the Southern District of New York has
been ordered to be completed by December 5, 2007 and that
discovery has been ordered to go forward in that matter; and


**WHEREAS** Mr. Burgo informed the Court that discovery issues

and the claims on summary judgement will be decided by the court
in the New York action, rendering the issues in the present
action substantially duplicative; and

**WHEREAS** Mr. Burgo requested that the Court stay the hearing
on Defendant's motion scheduled for November 2, 2007; and

**WHEREAS** the Court finds that conducting deferring a hearing
on the Defendant's motion would result in a conservation of
judicial resources, and in the interests of justice, and for
other good cause shown,

**IT IS** on this 30th day of October, 2007,

**ORDERED THAT** Defendant's motion to dismiss based on forum
non conveniens or to transfer or stay the case is hereby
**DISMISSED WITHOUT PREJUDICE** to be refiled if necessary.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**

2

**FELDMAN LAW GROUP, P.C.**
PATENT, COPYRIGHT AND TRADEMARK LAW
12 EAST 41st STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

November 6, 2007

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743

*VIA ELECTRONIC FILING*
The Hon. Claire C. Cecchi
United States Magistrate Judge
M.L. King Jr., Federal Bldg. & Courthouse
50 Walnut St., Room 2064
Newark, NJ 07102

    **Re:**   *Van Cleef & Arpels, et al. v. Goldstein Jewelers, et al.,* **07-1290 (JLL) (CCC)**

Dear Judge Cecchi:

    We write to request clarification of the Court's Order of October 30, 2007, which we believe stays Discovery pending the outcome of the Summary Judgment Motion in New York.

    Your Honor recently agreed to hear Defendant's Motion to Transfer Venue in response to our objection that Plaintiff's Discovery Requests were premature before the Motion was decided and the initial conference had occurred. By the October 30 Order, the Court deferred the transfer hearing pending the outcome of Defendant's New York Summary Judgment Motion, finding this "would result in a conservation of judicial resources . . . ." We believe this Order also postpones Discovery until the New York Motion is decided, similarly conserving the Court's and parties' resources.

    Plaintiff, however, has demanded responses immediately over our original objections. First, we believe Discovery should not proceed until our Motion to Transfer is decided, as this would duplicate disputes already underway in New York. Second, Requests are premature under Rule 26(d), stating "[a] party may not seek discovery before the parties have conferred as required by Rule 26(f)" without Court Order. The Advisory Committee's Comments to the 2000 Amendments clarify that this cannot be modified by Standing Order.

    Defendant respectfully requests that all Discovery be stayed until the New York Summary Judgment Motion is decided, and that the Court postpone the initial conference now scheduled for November 27 at 11:00. In the alternative, Defendant submits that Discovery cannot be served until after the conference. Should the Court decide that Discovery responses are due, however, Defendant respectfully requests permission to first refile its Motion to Transfer and for an immediate hearing thereon.

                          Respectfully submitted,

                          /s Paul J. Burgo

                          Paul J. Burgo

cc:    Steven Pontell
       Tal Benschar

# KALOW & SPRINGUT LLP

### ATTORNEYS AT LAW

488 MADISON AVENUE • NEW YORK, NY 10022
212 813-1600 • FAX 212 813-9600 • INFO@CREATIVITY-LAW.COM

Tal S. Benschar
tbenschar@creativity-law.com

**VIA ELECTRONIC FILING**
November 6, 2007

Honorable Claire C. Cecchi
United States Magistrate Judge
Martin Luther King, Jr. Federal Building
Untied States Courthouse
50 Walnut Street, Room 2064
Newark, NJ 07102

Re: *Van Cleef & Arpels Logistics, S.A., et al. v. Goldstein Jewelers*
   Civil Action No. 07-CV-1290 (JLL) (CCC)

Dear Judge Cecchi:

We represent Plaintiffs in the above action and respond to Defendants' letter of today.

There is no basis to stay discovery in this action. Plaintiffs filed the action in June 2007. Since then no discovery whatsoever has occurred -- although the Court's order of July 26, 2007 *ordered* the parties to serve their first set of document requests and interrogatories as well as initial disclosures. Plaintiffs followed that order and served their initial discovery requests and initial disclosures on August 1, 2007. In contrast, to date Defendants have failed to serve initial discovery and failed to serve initial disclosures.

Defendants claim that the summary judgment motion now being briefed in the consolidated actions pending in the Southern District of New York (under the title *Van Cleef & Arpels Logisitics, S.A., et. al. v. Landau Jewelry,* No. 07-CV-564 (SAS)(RLE), hereinafter the "New York Action") is a basis to stay discovery here. That claim is ironic in light of the fact that in a conference held on October 24, 2007, Judge Shira Scheindlin both set the briefing schedule on the summary judgment motion *and* denied the Defendants' request for a stay of discovery in that action. If the briefing of the summary judgment motion is not a basis to stay discovery in the New York Action, how can it be a basis for a stay in this one? (While the plaintiffs and claims in both actions are the same, the defendants here are unrelated to those in the New York Action.)

Further, the summary judgment motion will only be fully be briefed December 12, 2007 and we obviously cannot predict when Judge Scheindlin will rule on it. There is no reason that several more months be wasted in this action.

KALOW & SPRINGUT LLP

Honorable Claire C. Cecchi
November 6, 2007
Page 2

Accordingly, we request that the Court order:

(1)     that discovery is to proceed in the action, and Defendants' request for a stay is denied;

(2)     that the initial conference take place as scheduled on November 27, 2007 at 11:00 a.m.;  and

(3)     that Defendants are to produce their responses to discovery and initial disclosures forthwith.

Respectfully submitted,

KALOW & SPRINGUT LLP

Tal S. Benschar

cc:     All Counsel (via electronic filing)

158362.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
VAN CLEEF & ARPELS LOGISTICS, S.A. :
ET AL.,                            :
                                   :
            Plaintiff(s),          :    Civil Action No.
                                   :    07-1290 (JLL)
        v.                         :
                                   :    ORDER
                                   :
GOLDSTEIN JEWELERS, ET AL.         :
                                   :
            Defendant(s).          :
_____:

**THIS MATTER** having come before the Court by way of
Defendant's letter of November 6, 2007 [Docket Entry No. 20], and
Plaintiffs' letter of November 6, 2007 [Docket Entry No. 21], and
the Court having considered the letters filed by the parties; and

**WHEREAS** Paul J. Burgo, Esq., counsel for Defendant Goldstein
Jewelers submitted a letter to the Court on October 29, 2007
requesting that the Court stay the hearing on Defendant's motion
scheduled for November 2, 2007; and

**WHEREAS,** based upon Mr. Burgo's request, the Court denied
without prejudice Defendant's Motion To Dismiss On Forum Non
Conveniens Or To Transfer Or Stay The Case; and

     **WHEREAS** Mr. Burgo has indicated that he would like to refile Defendant's Motion to Transfer should the Court decline to stay discovery in this matter; it is now therefore

     **ORDERED THAT** if Defendant intends to proceed with this Motion, it shall refile by December 10, 2007; and it is further

     **ORDERED THAT** the initial conference scheduled for November 27, 2007 is adjourned pending this Court's receipt of the aforementioned Motion.

*s/ Claire C. Cecchi*
_____
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**

2

**FELDMAN LAW GROUP, P.C.**

PATENT, COPYRIGHT AND TRADEMARK LAW
12 EAST 41st STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743

December 7, 2007

**ORDER ON ORAL MOTION**

RECEIVED IN CHAMBERS OF

DEC 10 2007

HON. CLAIRE C. CECCHI

**VIA FEDEX**
Honorable Judge Claire Cecchi
United States Magistrate Judge
Martin Luther King Jr.
Federal Building and Courthouse
50 Walnut Street Room 2064
Newark, New Jersey 07102

Re: *Van Cleef & Arpels Logistics S.A et al. v. Goldstein Jewelers et al.*
07-1290 (JLL) (CCC)

Dear Judge Cecchi:

We represent Defendant and write to obtain an extension to re-file our motion to transfer presently set for Monday, December 10, 2007. Plaintiffs have sought and obtained an extension from District Judge Scheindlin to respond to our motion for Summary Judgment to end the case, and are taking some discovery.

The Southern District Judge Scheindlin ruled that briefing will be complete in the second week of January, and that she will decide it thereafter. We therefore respectfully request that our time to file the motion to transfer be extended to February 10, 2008.

Respectfully Submitted,

Steven Crosby (SC1204)

SEF/nn
cc: Tal Benschar Esq.
    Steve Pontell

Defendant's time to file its motion to transfer shall be extended to February 10, 2008. There shall be an initial scheduling conference in this matter on February 15, 2008 at 10:30 a.m.

SO ORDERED
s/Claire C. Cecchi

Claire C. Cecchi, U.S.M.J.

Date: 12/10/07

|  | : |  |
| --- | --- | --- |
| **VAN CLEEF & ARPELS LOGISTICS** et al | : | **UNITED STATES DISTRICT COURT** |
|  | : |  |
|  | : | **DISTRICT OF NEW JERSEY** |
| **Plaintiff(s)** | : |  |
|  | : |  |
|  | : | **Hon. Jose L. Linares** |
| **-vs-** | : | **Civil Action No. 07-1290  (JLL) (CCC)** |
|  | : |  |
| **GOLDSTEIN JEWELERS** et al | : |  |
|  | : | **ORDER ON ORAL MOTION** |
|  | : | **TRANSFERRING CASE** |
| **Defendant(s)** | : |  |
|  | : |  |
|  | : |  |

**THIS MATTER** having been brought before the Court for a status/settlement conference on February 15, 2008; and whereas defendant seeks transfer of this matter to the United States District Court for the Southern District of New York and whereas plaintiff having consented to the transfer of this matter to the United States District Court for the Southern District of New York ; and for good cause shown:

**IT IS** on this 5th day of March, 2008

**ORDERED THAT:**

1.     Defendant shall serve written discovery demands upon plaintiff by **February 22, 2008**.

2.     Defendant shall respond to plaintiff's outstanding interrogatories and document demands by **March 17, 2008.**

3.     This matter is hereby transferred to the United States District Court for the Southern District of New York.

_s/ Claire C. Cecchi_
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**

Clerk of the Court
File

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
OFFICE OF THE CLERK

50 Walnut Street
Newark, NJ 07102
(973) 645-4583
3/20/08

CLERK
United States District Court
 for the Southern District of New York
120 Daniel Patrick Moynihan USCH
500 Pearl St.
New York, NY  10007

Re:  VAN CLEEF & ARPELS vs. GOLDSTEIN JEWELERS
     Civil Docket No. CV-07-1290(JLL)

Dear Clerk:

    The above-captioned case has been transferred to your court pursuant to
the enclosed Certified copy of the Court's Order dated 3/5/08.  You can obtain
the original record by accessing CM/ECF through PACER. Kindly
acknowledge receipt on the duplicate of this letter, which is provided for
your convenience.


                    Very truly yours,

                    WILLIAM T. WALSH, Clerk

                    By:  SHEREE RAIMO
                         Deputy Clerk


RECEIPT    ACKNOWLEDGED    BY:    _____    DATE:
_____.

Y O U R       C I V I L     D O C K E T     N U M B E R :
_____.



Instructions for Retrieving Electronic Case Files


1. Access the CM/ECF website for the District of New Jersey at
https://ecf.njd.uscourts.gov